### THOMAS v. PENNSYLVANIA R. CO.
#### Civ. No. 8041.

District Court, E. D. New York.
Nov. 7, 1947.

William A. Blank and Morris S. Borden, both of Brooklyn, N. Y., for plaintiff for motion.

Louis J. Carruthers, of New York City (David J. Mountan, Jr., of New York City, of counsel), for defendant.

INCH, District Judge.

This is a motion by plaintiff for an order, pursuant to Rule 34, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, allowing the plaintiff a discovery and inspection of certain depositions taken by a claim agent of the defendant railroad company. The defendant opposes the granting of such order.

Plaintiff has brought his action against the railroad company alleging that he was injured through negligence. The issue raised by the pleadings is on the "ready" calendar and shortly will be reached for trial.

Counsel for plaintiff asserts that he has shown good cause for the granting of this order. Counsel for defendant asserts that the motion should be denied, (1) upon the ground that the statements taken by its claim agent were made on behalf of the attorney for the defendant, the claim agent apparently being made a member of the Legal Department of the defendant, (2) that plaintiff has not shown good cause, (3) that Rule 34 is not the proper remedy. Lastly, upon the ground that plaintiff is guilty of laches.

The real issue presented, it seems to me, is a simple one but before discussing this, certain others may be put aside as I consider them not material in this particular application.

The written statements were obtained from employees, by the claim agent, shortly after the happening of the accident and before the suit was commenced. I do not agree with this effort to give this claim agent the immunity properly belonging to an attorney as distinctly limited in Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, where Mr. Justice Jackson and Mr. Justice Frankfurter concurred in the opinion of the court, stating that the sole question decided was a "narrow one", and a reading of the opinion for the court by Mr. Justice Murphy indicates that clearly. See also De Bruce v. Pennsylvania Railroad Co., D.C.E.D.Pa. Feb. 1947, 6 F.R.D. 403.

Also, I think that this motion is made in good faith by plaintiff and not with any intention to delay the trial and that counsel for plaintiff has not been guilty of laches, but is diligent in preparation for the approaching trial and sincerely feels that this inspection of these written statements should be seen by him before the trial takes place and that such inspection can be made without delay of the trial or hardship on the part of the defendant. In my opinion, Rule 34 is here the proper remedy available to the plaintiff.

On the other hand, the original notice of motion of plaintiff went too far in that, in addition to the inspection of the written statements by the witnesses in question, it asked for an inspection of a "summary" made by this claim agent. This could not possibly be of any service at the trial. On the argument of the motion this portion of the application was withdrawn by counsel for plaintiff.

This brings us to the sole issue whether or not "good cause" has been shown by plaintiff, justifying the issuance of an order. If these witnesses are to be placed upon the stand by the defendant the credibility of such witnesses oftentimes becomes of material importance. The written statements in question were taken apparently soon after the actual accident. Later the action was commenced and counsel for plaintiff was then allowed to take depositions of these witnesses. This might well be sufficient but, in my opinion, counsel for plaintiff, in his duty to his client, cannot be sure that what these witnesses said to the claim agent was the same as they said to him in their depositions some time later as to material matters. Moreover, it appears that counsel for plaintiff has given due notice that at the trial he will move to amend the complaint to also allege a violation of the Federal Safety Appliance Act, 45 U.S.C.A. § 1 et seq., which if granted, raises an issue not raised at the time of the commencement of the action, when counsel obtained his depositions.

It seems to me therefore, that, in accordance with the statement of the Supreme Court "The deposition-discovery rules are to be accorded a broad and liberal

treatment" (Hickman v. Taylor, supra, 329 U.S. 507, 67 S.Ct. 392), the motion should be and is granted, giving plaintiff the right to promptly inspect these written statements of these particular witnesses.

Submit order.