### HUGHES v. PENNSYLVANIA R. CO.
### Civil Action No. 8142.

District Court, E. D. New York.
Jan. 16, 1948.

William A. Blank, of Brooklyn, for plaintiff.

Louis J. Carruthers, of New York City (William A. Colton, of New York City, of counsel), for defendant.

BYERS, District Judge.

This motion has been reduced by stipulation entered into at argument, to one proposition:

Can the defendant be required to produce the statement made to the Claim Agent of the defendant by the latter's freight conductor A. J. Carroll on October 15, 1946, prior to the institution of this suit, for examination by plaintiff's attorney in connection with the taking of Carroll's deposition?

It seems to me that the question should be answered in the affirmative, without intending thereby to commit the Court to an abstract rule that would automatically govern all cases in which the question may arise.

The defendant's opposition is confined to the assertion that the Carroll statement is part of the defendant's attorney's "work product", although taken prior to the filing of the complaint. This is thought not to be the decision, nor the necessary effect of Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385.

What an attorney does to prepare his client's cause for trial, and what a Claim Agent does for his employer prior to institution of a lawsuit, and which may never be embodied in a lawyer's file, are thought to be diverse products.

The decision of Judge Inch in Thomas v. Pennsylvania R. Co., D.C., 7 F.R.D. 610, will be followed, since the cases are substantially similar so far as this question is involved.

Motion to set aside and quash subpoena, to the extent left open by the said stipulation, is denied.

Settle order.