**HERBST v. CHICAGO, ROCK ISLAND & PACIFIC R. CO.**

Civ. No. 1-31.

United States District Court
S. D. Iowa, Central Division.

March 2, 1950.

Paul Ahlers of Bannister, Carpenter, Ahlers & Cooney, Des Moines, Iowa, for plaintiff.

A. B. Howland of Gamble, Read, Howland Gamble & Riepe, Des Moines, Iowa, for defendant R. R. Co.

SWITZER, District Judge.

Plaintiff propounded twenty-three interrogatories to the defendant. Defendant an-

swered all of said interrogatories except interrogatories numbered 6, 9, 10, 13, 15 and 16, and seasonably filed objections and exceptions to the interrogatories which it had failed to answer.

■ Defendant also objected to interrogatory No. 11 but it voluntarily answered the same, thus waiving the objection interposed. Interrogatories numbered 15 and 16 were withdrawn voluntarily by the plaintiff.

Thereafter plaintiff filed what she nominated as an Alternative Motion of the Plaintiff under Rule 34 of the Rules of Civil Procedure, 28 U.S.C.A., which motion in effect purported to comply with the prerequisites under Rule 34, seeking an order for the production of the documents and statements referred to in the questionable interrogatories set out above. The terms of the Alternative Motion ask relief in the event the court suppresses the interrogatories objected to by the defendant. The defendant filed a resistance to the Alternative Motion of the plaintiff under Rule 34, which said resistance alleges, in effect, that—

1. Good cause has not been shown as required by Rule 34.

2. That the material sought constitutes privileged matter.

3. That the material sought constitutes the work product of defendant's claim department and is therefore not a proper matter for discovery under Rule 34.

The court must first consider whether interrogatories Nos. 6, 9, 10 and 13 should be suppressed as requested by the defendant or the defendants required to answer them.

Interrogatory No. 6 reads as follows: "Set forth copies of all the statements procured by you in the course of your investigation from employees and passengers on the train in question who reside outside the State of Iowa. In this interrogatory No. 6, plaintiff does not ask for the production of copies of any statements procured personally by counsel of record for the defendant nor for the production of copies of any statements obtained by the defendant subsequent to the commencement of this action."

Interrogatory No. 9 provides: "Were any written statements taken relating to the facts and circumstances leading up to or existing at the time of the collision in question taken on your behalf from any of the persons referred to in Interrogatory No. 7" (Interrogatory No. 7 requests the names and addresses of the persons present at the time and place of the collision in question.)

Interrogatory No. 10 provides: "If your answer to Interrogatory No. 9 is in the affirmative, set forth copies of all the statements procured by you in the course of this investigation from the persons referred to in Interrogatory No. 7 and who reside outside the State of Iowa. In this interrogatory No. 10, plaintiff does not ask for the production of copies of any statements procured personally by counsel of record for the defendant nor for the production of copies of any statements obtained by the defendant subsequent to the commencement of this action."

Interrogatory No. 13 provides: "If your answer to Interrogatory No. 12 is in the negative, had you previous to October 17, 1949, had a crossing flagman on duty at the intersection of E. 6th Avenue and your railroad tracks in the City of Des Moines, Iowa, between the hours of 6:00 o'clock in the morning and 7:00 o'clock in the morning and, if so, when were his (or their) services last dispensed with." (Note—Interrogatory No. 12 asks whether a flagman was on duty at the crossing where the accident occurred at the time of the occurrence of said accident.)

The interrogatories in question here must first be tested pursuant to the provisions of Rule 33 of the Rules of Civil Procedure, as that rule is applied to the interrogatories standing alone without aid from the subsequent alternative motion.

■ It is agreed generally that the new Rules of Civil Procedure, especially Rules 26 to 37, are to be accorded broad and liberal treatment, for, as Judge Moscowitz has stated in Beler v. Savarona Ship Corporation, D.C., 26 F.Supp. 599—"One of the basic purposes of the new Rules is to enable a full disclosure of the facts so that justice might not move blindly."

■ The right, however, of the plaintiff in this case to require the answer to interrogatories under Rule 33 or the production of records and other matters and to inspect, copy and use the same under Rule 34, is not an absolute right, but is one which can be secured and must be exercised only under definitely restricted circumstances, as permitted by Rule 26(b), and subject always to such limitations as the court may direct for the protection of the parties under Rule 30(b).

Under Rules 33 and 34, over objections by her adversary, the plaintiff has the affirmative burden of establishing the following:

(1) That there is "good cause" for the production and inspection of the desired material.

(2) The material requested must be "designated" with reasonable definiteness and particularity.

(3) The material must not be privileged.

(4) The material must constitute or contain evidence relating to matters within the scope of the examination permitted by Rule 26(b), i. e., it must be "relevant to the subject matter involved in the pending action" and "appears reasonably calculated to lead to the discovery of admissible evidence."

(5) The material must be within the possession, custody or control of the party upon whom the demand is made.

■ It is now possible and practicable, consistent with compliance to the five prerequisites heretofore enumerated, for either party to obtain the fullest possible knowledge of the issues and facts before trial; and mutual knowledge of all the relevant facts gathered by both parties is essential to litigation; thus permitting either party to compel the other to disgorge whatever facts he has in his possession. The net effect of this procedure simply is to advance the stage at which these facts are available to each party and thus eliminate to the fullest extent possible, prior to the time of the trial, the possibility of surprise to either party. Hickman v. Taylor, 329 U.S. 495, 507, 67 S.Ct. 385, 91 L.Ed. 451.

■ The court must conclude that, standing alone without support from the alternative motion or the evidence adduced in support of said alternative motion, the tests heretofore set forth prerequisite to an order by this court of compliance on the part of the defendant with the interrogatories numbered 6, 9, 10, and 13, have not been met and the said interrogatories should therefore be suppressed.

Plaintiff's alternative motion now requests the court to order the production under Rule 34 of the following:

(1) The statements taken by defendant's claim agent from members of the train crew involved in this accident, who were:

D. R. Schreck- —Conductor,
engost      108 E. 29th St., Des Moines, Ia.
J. O. Sheetz  —Locomotive Engineer,
             1320 Mable St., Trenton, Missouri.
R. A. Oren   —Fireman,
             Trenton, Missouri.
John Bixler  —Brakeman,
             921 S. E. Bell St., Des Moines, Ia.

(2) The statements taken by the defendant relating to the facts and circumstances leading up to or existing at the time of the collision in question from certain other individuals therein named, all of whom reside in Des Moines, Iowa.

This alternative motion must be tested in the light of the objections of the defendant heretofore referred to, pursuant to the provisions of Rule 34. As before stated, the five enumerated conditions precedent to the issuance of an order to produce under Rule 34 must have been shown by the plaintiff here to entitle her to the relief sought.

■ The question as to whether plaintiff has met these tests, must be determined by an examination of plaintiff's complaint, the motion itself, the evidence taken at the hearing on the motion and the statements of respective counsel. Hirshhorn v. Mine Safety Appliances Co., D.C., 8 F.R.D. 11.

18

■ Although defendant by its counsel at the hearing on the motion agreed to produce all of the train crew involved in this accident at some convenient place in Iowa to afford plaintiff an opportunity to interrogate them by adversary deposition procedure as provided for by the rules, still, it was shown by the evidence of defendant's claim agent located at Des Moines that he took the statements in question from the train crew within a short time after the occurrence of the accident complained of and that said statements dealt with the physical facts occurring just prior and at the time of the accident in question. That the investigation by this claim agent and the statements taken by him from the train crew were consummated by him in the ordinary course of his duties as a claim agent and without any independent direction so to do by defendant's legal department. Even though the train crew and each of them might now be made available for interrogation by the plaintiff, the facts thereby disclosed would not necessarily be identical with the statements originally made by said train crew. Much time has elapsed, the memories of the witnesses involved would necessarily be dimmed with reference to the specific details of the events about which they originally had made statements. Their statements made immediately after the accident may and undoubtedly will lead plaintiff to the discovery of material and relevant facts upon which to adduce competent evidence at the trial of this cause. "Good cause" is therefore shown.

Plaintiff has shown that these statements are in the possession, custody or control of the defendant; that the material is not privileged, and she has certainly designated it with reasonable definiteness and particularity.

I must therefore conclude that plaintiff is entitled to an order for the production of the statements of the train crew taken by defendant's claim agent the morning of the 17th of October, 1949, and shortly following the occurrence of the accident complained of in this controversy.

■ Defendant strongly urges that under the rule laid down in Hickman v. Taylor, supra, it is a necessary adjunct to the discovery process, pursuant to both Rules 33 and 34, that the material sought be actually admissible as evidence in the trial of a pending cause. In this connection it should be noted that Rules 33 and 34 were each amended on Dec. 27, 1946, effective March 19, 1948, to include, among other things, the following:

"Rule 33. Interrogatories to Parties

\*　　\*　　\*　　\*　　\*　　\*

"Interrogatories may relate to any matters which can be inquired into under Rule 26(b), \* \* \*"

"Rule 34. Discovery and Production of Documents and Things for Inspection, Copying, or Photographing

\*　　\*　　\*　　\*　　\*　　\*

" \* \* \* any of the matters within the scope of the examination permitted by Rule 26(b) \* \* \*"

Likewise, Rule 26(b) was amended at the same time with the same effective date, to include, among other things, the following:

"Rule 26. Depositions Pending Action

"(b) \* \* \* It is not ground for objection that the testimony will be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence."

Hickman v. Taylor, supra, was decided by the Supreme Court of the United States on January 13, 1947, prior in time to the effective date of the three above quoted changes in the Rules. It seems abundantly clear that it is enough now if the material sought appears reasonably calculated to lead to the discovery of admissible evidence and that the testimony sought in said material need not be shown to be admissible evidence.

■ Defendant made a showing by the testimony of its claim agent on the hearing of plaintiff's motion that said claim agent is employed by defendant company under the supervision of the legal department of said company. Defendant contends therefore and strongly urges upon that court that any statements taken by said claim agent are privileged, being a part of the work product of a lawyer in

the preparation of any litigation which might arise out of the accident in question, and cites as authority Berger v. Central Vermont Ry. Co., D.C., 8 F.R.D. 419, decided by the U. S. District Court of Massachusetts in 1948, wherein the court said: "I think that the situation here is covered by the rule laid down in Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451. The statements in question were not taken in the usual course of business, nor as the result of a railroad rule, but were taken at the instigation of General Counsel for the defendant. It is urged by the plaintiff that such taking of testimony is routine with the General Counsel's office, and should be considered as being done in the usual course of business. I cannot accept this view. The witnesses are in Vermont, they are open to interrogation by the plaintiff even through the mails, and I can find no good cause for allowing this inspection."

This case seems to the court fairly distinguishable from the case at bar, in that from the statement by the court therein it appears that the claim agent took the statements in question by some specific direction from the general counsel of the railroad, whereas in the instant case, by his own admission, the claim agent stated that his investigation of this accident and the taking of the statements from the train crew was routine and done by him on his own initiative.

I cannot, under the facts in this case, conclude that the statements taken by the claim agent from the railroad crew on the morning of the accident were in any way the work product of the lawyer in preparation for the defense of this case and thereby privileged. But, even though I were compelled to so find, still I believe a sufficient showing of good cause has been made even under the holding in Hickman v. Taylor, supra, as to compel me to order the production of these statements for plaintiff's use. I believe the rule recited in Thomas v. Pennsylvania R. Co., D.C., 7 F.R.D. 610, to the effect that such statements obtained by a claim agent should be made available to the plaintiff, is the better rule as it applies to the instant case.

Plaintiff has failed to meet the requirements of Rule 34 in her motion with reference to the production of all statements other than that of the train crew. Good cause is not shown; the material is not shown to be not privileged or the work product of the attorneys for the defendant in the preparation of the defense of this cause. The burden of establishing these prerequisites being upon the plaintiff, it follows that the request of the plaintiff in her alternative motion, insofar as it affects these additional statements, should be denied. The Clerk will enter the following order:

The above entitled matter came on for hearing in open court at Des Moines, Iowa, on the 24th day of February, 1950, upon the objections and exceptions by the defendant to certain interrogatories addressed to it by the plaintiff, specifically here in issue numbered 6, 9, 10 and 13, and upon the alternative motion of the plaintiff under Rule 34 of the Rules of Civil Procedure; evidence was adduced, arguments had and the case submitted. The court being advised and having filed herewith its memorandum opinion thereon;

It is ordered that the motion of the defendant contained in said objections and exceptions is sustained and interrogatories of the plaintiff numbered 6, 9, 10 and 13 are hereby suppressed.

It is further ordered that the defendant promptly produce and deliver to the Clerk of this court the statements of the following named persons:

D. R. Schreck——Conductor,
 engost  108 E. 29th St., Des Moines, Ia.
J. O. Sheetz —Locomotive Engineer, 130 Mable St., Trenton, Missouri.
R. A. Oren —Fireman, Trenton, Mo.,
John Bixler —Brakeman, 921 S.E. Bell St., Des Moines, Ia.

for the inspection and photographing of and by the plaintiff under the supervision and direction of said Clerk of Court.

It is further ordered that the motion of the plaintiff for an order to require the

production by the defendant of the statements taken by the defendant from the following persons:

> Edwin Nelson, Des Moines, Ia.
> Harry Hall, 718 McKee St., Des Moines, Ia.
> Booker T. Jones, Sr., 1520 Maury St., Des Moines, Ia.
> Raymond Neal, 1114 Maple St., Des Moines, Ia.
> Kenneth Berry, 1857 Scott St., Des Moines, Ia.
> Ralph Hicks, 600—15th St., Des Moines, Ia.,

be and the same is hereby denied. Each party excepts.