### GEBHARD v. ISBRANDTSEN CO., Inc.

United States District Court
S. D. New York.
March 31, 1950.

120

Benjamin B. Sterling, New York City, for plaintiff.

Lord, Day & Lord, New York City, William J. Brennan, New York, of counsel, for defendant.

McGOHEY, District Judge.

This is a suit under the Jones Act for damages for personal injuries and for maintenance and cure.

Plaintiff, pursuant to Rule 33 of the Federal Rules of Civil Procedure, 28 U.S.C.A. propounded twenty-four interrogatories to the defendant. Objections were made to nine, of which seven were disposed of on argument, leaving for consideration only two which relate to interrogatories Nos. 4 and 7. These demand "verbatim contents" or if in writing a true copy of "any statements or reports made to defendant by any of defendant's agents, servants and employees with regard [interrogatory 4] to the said vessel striking a mine off the coast of Yugoslavia on or about March 25, 1947"; and "with regard [interrogatory 7] to any injury or illness sustained by plaintiff on or about March 25, 1947 and/or the treatment thereof."

Although such documents cannot be secured under Rule 33, Hickman v. Taylor, 329 U.S. 495, 504, 67 S.Ct. 385, 91 L.Ed. 451; Alltmont v. United States, 3 Cir., 177 F.2d 971, 976; Castro v. A. H. Bull & Co., S.D.N.Y., 9 F.R.D. 84, counsel for the defendant does not press this valid objection. Neither does it claim that its agents are beyond the reach of Rule 33, Hickman v. Taylor, supra. Defendant argues rather that, assuming this to be a motion for discovery properly brought under Rule 34, the plaintiff has failed to show good cause why he should get the demanded documents. I agree.

The affidavit in opposition to the objections is made by plaintiff's counsel. It fails completely to show that the plaintiff has been prevented from getting the statements requested; indeed it would seem that he has not even tried to do so for it is only now, more than a year after the filing of the complaint, that he is seeking the names of those who may have made the statements if any were made. This affidavit states that the plaintiff is "ill and on relief" and asks "how can he possibly afford to search out witnesses and foreign doctors, and, assuming he could find them, go to the expense of sending attorneys all over the country to serve subpoenas on them and take their depositions." No facts whatever are presented to support these assumptions and conclusions. The unopposed interrogatories will discover the names and addresses of the defendant's witnesses who, for all that now appears, may all be available in New York for full examination by the plaintiff in appropriate proceedings. Reeves v. Pennsylvania R. Co., D.Del., 8 F.R.D. 616, 619; Newell v. Capital Transit Co., D.C., 7 F.R.D. 732. Plaintiff's attorney shows no more than that it would be more convenient for him to proceed as

he has. Mere convenience of counsel, however, is not in my view good cause within the meaning of Rule 34.

Accordingly, the objections to interrogatories Nos. 4 and 7 are sustained. Submit order.