### EVANS et al. v. UNITED STATES.
#### Civ. A. No. 2865.

United States District Court
W. D. Louisiana, Shreveport Division.
May 23, 1950.

Booth, Lockard & Jack, Shreveport, Louisiana, for plaintiffs.

William J. Fleniken, Shreveport, Louisiana, for defendant.

DAWKINS, Chief Judge.

This action was, on December 19, 1949, filed under the Federal Tort Claims Act, 28 U.S.C.A. § 2671 et seq., to recover for the alleged negligent death of the mother by the father and children of the deceased. It is charged that the deceased met her death in the following manner:

"18.

"On Saturday, 4 November 1949, at about 9:00 o'clock A.M., deceased was picking cotton, along with approximately 100 other negroes, in a large open cotton field in Bossier Parish, Louisiana, about 6 miles south of Barksdale Air Force Base.

"19.

"A large twin engined Air Force plane, owned by the U. S. Government, Department of the Air Force, then and there controlled and operated exclusively by agents and employees of the Government, to-wit: members of the U. S. Air Force, pursuant to the orders of their employer, and acting within the scope and course of their employment, took off from Barksdale Air Force Base.

"20.

"Within a very few minutes thereafter, the right motor of said plane caught fire and said plane crashed in the midst of the group of cotton pickers. Two of them were killed outright. Deceased was mortally injured and died the next day, after suffering intense and excruciating pain.

"21.

"The plane either landed directly on top of deceased, struck her, or some part of the plane came loose on the crash and struck her. Complainants know not which.

"22.

"The ownership, construction, maintenance, adjustment, repair, operation and control of the plane was at all times vested exclusively in the defendant, its agents and employees, and complainants therefore especially plead and rely upon the doctrine of 'res ipsa loquitur.'

"23.

"In the alternative only, in the event that the court should hold that the doctrine of res ipsa loquitur is inapplicable, complainants allege, on the basis of hearsay and newspaper accounts, that the injury and death were caused proximately by the negligence of the defendant, its agents and employees, in the following respects, among others:

"a. The right motor of the plane was defective, obsolete and worn out.

"b. The remainder of the plane, including the left motor, was defective, obsolete, overloaded and worn out, in that had it been in proper condition the remaining motor would have been sufficient to sustain flight and the plane could have been maneuvered so as to avoid injury to deceased.

"c. Neither the motors nor the remainder of the plane were properly inspected in advance of the fatal flight.

"d. The right propeller was not properly "feathered."

"e. All of the foregoing was known, or easily ascertainable, by defendant, which is charged with knowledge thereof.

"f. The pilot and co-pilot and crew were negligent in not seeing the large group of cotton pickers and taking the necessary action to avoid striking them, they being charged with having seen what they could have seen.

"g. The crew was negligent in not properly handling the plane so that it would continue to fly and remain under control, at least long enough to avoid striking deceased.

"24.

"In connection with their alternative allegations as set out in the immediately preceding paragraph, complainants show that they have been denied access to the United States Air Force Report of Investigation of the accident but anticipate that it will be made available to them after service of this complaint."

On March 27, 1950, plaintiffs filed a motion "for the production of documents * * * in the possession of, or under the control of, and in the custody of the defendant, its agents, attorneys and employees, to-wit:

"(a) Complete, official report of investigation of accident in which Thelma Evans was killed;

"(b) Originals or copies of signed or unsigned statements by eye-witnesses and others present, to and at the accident set out in the complaint."

It is further alleged in the motion to produce that:

"2.

"The above documents are necessary, essential and are required by complainants

for the proper preparation and presentation of their case.

"3.

"Complainants show that this suit was filed and service was made on the United States District Attorney on 19 December 1949, that an extension for answering or otherwise pleading, of 60 days duration, was granted by this Court on Motion of the defendant on or about 17 February 1950, that to this date no answer or other pleading has been filed.

"4.

"Complainants have absolutely no knowledge of how the accident happened, all of said knowledge being exclusively within the control of the defendant.

"5.

"Despite oral and written requests direct to the United States Air Force authorities, the defendant has declined to furnish complainants with any information concerning how the accident occurred, or the names of any witnesses, or the statements of any witnesses.

"6.

"Complainants will show by said documents and from the information obtained therefrom, that the accident occurred as set out in the complaint and will prove thereby the specific acts of negligence alleged in paragraph 23 of the complaint and such other facts as complainants are entitled to prove under the doctrine of res ipsa loquitur.

"7.

"Complainants further show that they do not know the names of any of the persons aboard the aircraft and that they should be furnished therewith in addition to the statements and report of accident."

The motion to produce was argued and submitted on March 31, 1950, and on April 15 defendant filed simultaneously a motion to dismiss the complaint and an answer, the latter denying substantially all of plaintiffs' allegations, except that one of the engines of the plane caught fire, it fell, and the plaintiffs' decedent was so badly injured that she subsequently died. The motion to dismiss has not been submitted

In brief, defendant resists the motion to produce the documents for the alleged reason that there "has been no showing of good cause" therefor, as required by the Federal Rules of Civil Procedure, rule No. 34, 28 U.S.C.A., and that the documents are confidential.

■ By the Tort Claims Act, Congress has authorized the institution of suits of this kind against the United States on the same basis as any other alleged tortfeasor, and in so doing, has subjected it to the Civil Rules of Procedure equally with private litigants. Rule 34 specifically declares that "any party showing good cause therefor * * *, the court in which an action is pending may (1) order any party to produce and permit the inspection and copying or photographing, by or on behalf of the moving party, of any designated documents, papers, books, accounts, letters, photographs, objects, or tangible things, not privileged, which constitute or contain evidence relating to any of the matters within the scope of the examination permitted by Rule 26(b) and which are in his possession, custody, or control * * *." The only provisions of Rule 26(b) pertinent to this matter are the clause "not privileged" and the sentence declaring that "It is not ground for objection that the testimony will be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence."

■ The defendant has not formally answered the motion to produce, and this court is not advised as to any reasons why the statements taken from witnesses, such as pilots, mechanics, etc., or other documents bearing upon the facts as to what took place with respect to the case should be held privileged, other than the general statement that they are confidential, and the citation of some authorities. It is not the exclusive right of any such agency of the Government to decide for itself the privileged nature of any such documents, but the Court is the one to judge of this when such contention is made. This can be done by presenting to the Judge, without

258

disclosure in the first instance to the other side, whatever is claimed to have that status. The Court then decides whether it is privileged or not. This would seem to be the inevitable consequence of the Government's submitting itself either as plaintiff or defendant to litigation with private persons. See United States v. Cotton Valley Operators Committee et al., U. S., 70 S.Ct. 793.

■ In view of the allegations of the complaint and the motion to produce to the effect that all of the sources of information, documents, and witnesses, with respect to what caused the accident, are in the possession and under the control of the Government, such as the officers, enlisted men, employees and records of the Army Air Base at Barksdale Field, who refuse complainants' request to see them, and the latter have no other source from which the information sought can be had, it is the view of this Court that the same constitutes good cause sufficiently within the meaning of the rule justifying the granting of the motion to produce; and it is so ordered.