## McMANUS v. HARKNESS.

United States District Court,
S. D. New York.

March 19, 1951.

William West Ulman, New York City, for plaintiff.

William Saxe, New York City, Irving M. Gruber, New York City, of counsel, for defendant.

WEINFELD, District Judge.

Plaintiff applies pursuant to Rule 34 of the Federal Rules of Civil Procedure, 28 U.S.C.A., for the production of (1) a report

prepared by a detective agency of an investigation made of the plaintiff; and (2) the transcript of an interview between defendant's attorney and "one of plaintiff's witnesses".

Recovery is sought for damages resulting from alleged false statements made by defendant to a decedent, inducing him to revoke a will in which provision had been made for plaintiff. Plaintiff alleges that the statements contained in the investigatory report led to such revocation.

 The report was not obtained in anticipation of litigation. It was prepared before plaintiff's alleged cause of action arose. Thus it is not within the rule stated in Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451, which grants protection to material prepared by an attorney in contemplation of trial. However, plaintiff is not entitled to its production as of right; good cause must still be shown under Rule 34. Plaintiff has merely stated her belief that the report contains untrue statements and that disclosure thereof is "essential and necessary * * * to enable the plaintiff to prepare for trial." Such a conclusory statement does not constitute good cause. The Kegums, D.C., 73 F.Supp. 831; Gebhard v. Isbrandtsen Co., Inc., D.C., 10 F.R.D. 119. Nor is there any showing that the investigator is unavailable for the taking of his deposition, although plaintiff's attorney asserts that he has attempted to discover his whereabouts. This aspect of the motion is denied, but defendant is directed within ten days from the date hereof to furnish plaintiff with the name and the present address of the agency or person who made the investigation. In the event plaintiff, after diligent effort, fails to effect service upon such witness, or after service does not secure the desired information, leave to renew this aspect of the motion is hereby granted.

With respect to the second aspect of the motion, according to plaintiff's own statement, the transcript or statement given to defendant's attorney is that of "one of plaintiff's witnesses". There is nothing to indicate why plaintiff cannot obtain the information sought by the taking of depositions. The witness is presumably friendly to plaintiff and, in fact, her deposition was taken after she was interviewed by defendant's attorney. She is available for further examination if plaintiff deems it necessary, as defendant expressly waives any objection thereto. Although in Wild v. Payson, D.C., 7 F.R.D. 495, the Court directed the production of a statement dictated to a stenographer in the employ of the attorney for the adverse party, it was held that good cause had been shown. In the instant case plaintiff has failed to demonstrate why the information sought cannot be obtained by other discovery methods. This aspect of the motion is, therefore, denied.

Settle order on notice.