**WEISS v. ISBRANDTSEN S. S. CO.,
Inc. et al.**

United States District Court
S. D. New York.

Feb. 7, 1952.

Thacher, Proffitt, Prizer, Crawley & Wood, New York City, for plaintiff, Joseph M. Brush, Edward C. Kalaidjian, New York City, of counsel.

Lord, Day & Lord, New York City, for defendant, John W. Castles, 3rd, New York City, of counsel.

McGOHEY, District Judge.

Plaintiff moves pursuant to Rule 34, Fed. Rules Civ.Proc. 28 U.S.C.A., for discovery of a statement by one Chwae Yung Shuk which is in defendants' possession. Defendants oppose on the ground that good cause is not shown. I disagree. The action is for damages sustained, it is alleged, through defendants' failure to deliver plaintiff's cargo at Inchon, Korea, in December, 1947. Chwae Yung Shuk was the manager of the Inchon branch of the Korea Forwarding Company, which defendants concede "participated in the handling, discharging and delivery of the cargo involved in this action."

Plaintiff's attempt to discover facts from local witnesses has been thwarted by the military action in Korea. His counsel in

Seoul has not been heard from since the outbreak of hostilities in June, 1950. This circumstance alone distinguishes this case from Gebhard v. Isbrandtsen, S.D.N.Y., 10 F.R.D. 119, urged by the defendants. In that case there was no showing that plaintiff had made any prior effort to locate witnesses and no showing that those whose names he was to get from the defendants could not be readily examined in this jurisdiction.

I think that the plaintiff's affidavit establishes good cause for the relief sought and, accordingly, the motion is granted.