## ROYAL EXCHANGE ASSUR. v. McGRATH.

United States District Court
S. D. New York.

May 7, 1952.

1. 28 U.S.C. § 1346(b).

Cahill, Gordon, Zachry & Reindel, William W. Dulles, Mathias F. Correa, Frederick P. Warne, New York City, for plaintiff.

Myles J. Lane, U. S. Atty., New York City, Harold I. Baynton, Asst. Atty. Gen., James D. Hill, Irving Jaffe, Washington, D. C., Attys. Department of Justice, for defendant.

GODDARD, District Judge.

Plaintiff, a British corporation, brought suit against the Attorney General of the United States, the successor to the Alien Property Custodian, under Section 9 of the Trading with the Enemy Act, 50 U. S.C.A.Appendix, § 9, to recover certain funds which have been seized by defendant on the ground that they are assets belonging to an enemy. Plaintiff claims that under certain deeds of trust executed by the German Potash Syndicate in connection with a loan, it had become the owner of the property in question. Defendant denies plaintiff's title and sets forth certain affirmative defenses. The sixth affirmative defense asserts that certain new arrangements concerning the loan were made after the outbreak of the war. Plaintiff says that it was not a party to these arrangements and so knows nothing of them but that the allegations raise important questions (a) as to whether the funds in question were held in "trust" for the purposes stated in the trust deeds, and (b) whether or not a default occurred in the service of the loan, and if so—at what time.

Plaintiff moves under Fed.Rules Civ. Proc., rule 34, 28 U.S.C.A., for inspection of the report, known as the Hollander Report, with its annexed documents, made by Sheppard Hollander as an investigator for the Department of Justice. This investigation was instituted after the war and investigated the conduct and control of various European corporations, including the German Potash Syndicate and various Dutch banks which had handled certain phases of the service of the loan. This investigation was made before the property now in question was seized by the Office of Alien Property and several years before this suit was brought. Plaintiff says that the report sets forth data collected in the investigation and certain matters of fact based on interviews with officials of the Syndicate or of banks involved in the service of the loan, and that it cannot be duplicated now because of the difficulty of ascertaining what happened among various European corporations during the war and because of the passage of time and the fact that the witnesses are not available in this country. Plaintiff asserts that as a repre-

sentative of the United States in Europe shortly after the war, Mr. Hollander had inquisitorial powers far beyond the reach of any private party. Mr. Hollander is not an attorney.

Defendant contends that all documents appended to the report which are relevant to this case were submitted to the plaintiff. It says the report is the personal appraisal of Mr. Hollander of evidence and other material which came to his attention and that it is the work product of an attorney since Mr. Hollander was supervised by attorney-superiors in the Department of Justice. Defendant also contends that the sources of information are available to the plaintiff; that the great bulk of the report is irrelevant to this case, and also that it is privileged. It says that of the 91 pages of the report, only 14 pages concern the loan involved, and that the report is considered privileged because those parts of the report and exhibits not relevant here may reveal to the plaintiff, a foreign corporation, the government's techniques and procedures in ferreting out enemy interests.

█ In Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 394, 91 L.Ed. 451, the court refused discovery of material which was the work-product of a lawyer where there was no showing of "good cause". However, the court declared:

"And production might be justified where the witnesses are no longer available or can be reached only with difficulty."

It is clear that the courts interpret the Federal Rules on discovery liberally to accord with their purpose. Mutual knowledge of the relevant facts is essential to proper litigation. Hickman v. Taylor, supra, 329 U.S. at page 507, 67 S.Ct. 385, 91 L.Ed. 451.

█ The report here is not the work of an attorney in preparation for trial. It is the work of an investigator well prior to the suit brought here.

"Where the object of discovery proceedings is a statement or some other form of information acquired by a claims agent or an investigator, * * or some other item not the 'work product of the lawyer', the decision [Hickman v. Taylor] *insofar as it places restrictions upon discovery,* does not directly apply." 4 Moore Fed.Prac.2d Edit. pp. 1132, 1133.

Reports of the Federal Bureau of Investigation have been held subject to discovery in certain instances, even though some of the agents might be lawyers. Zimmerman v. Poindexter, D.C., 74 F.Supp. 933; United States v. Cotton Valley Operators Committee, D.C., 9 F.R.D. 719. An accountant's report, where material to the defense, can be produced, Virginia Metal Products Corporation v. Hartford Accident & Indemnity Company, D.C., 10 F.R.D. 374, as can the report of a private detective, McManus v. Harkness, D.C., 11 F.R.D. 402.

It seems clear that a report of this nature is subject to production where it is relevant, non-privileged and good cause is shown.

█ It is not disputed by the defendant that the material in the report concerning the loan is relevant. As to good cause, considerations of practical convenience, the necessity of production for the preparation of the case, or that it will facilitate proof or progress at the trial, are some of the determinative elements. Gordon v. Pennsylvania R. Co., D.C., 5 F.R.D. 510. The showing here of the relative inaccessibility of the witnesses and the records, the difficulty of determining what occurred between corporations on the European continent during the war and the fact that defendant had opportunities to compile information which could scarcely be matched by the plaintiff combine to establish good cause here.

█ In the absence of a showing of a threat to the national security, or to diplomatic relations, or to a war secret, the report ought not to be declared privileged. Cresmer v. United States, D.C., 9 F.R.D. 203; Reynolds v. United States, D.C., 10 F.R.D. 468, affirmed 3 Cir., 192 F.2d 987;

Evans v. United States, D.C., 10 F.R.D. 255; Zimmerman v. Poindexter, supra.

I have examined the Hollander report, see Henz v. United States, D.C., 9 F.R.D. 291, and certain portions of it are relevant to the issues, are non-privileged, and I think plaintiff has shown good cause for being allowed to inspect, copy or photograph those portions. These parts of the report are pages 53 to and including on page 65 the statement of the claim filed by J. Henry Schroder & Co. on behalf of bondholders, excluding the opinions of Hollander beginning with paragraph 1 on page 65. The plaintiff should also be allowed to inspect, copy or photograph the second paragraph of page 67 referring to the agreement between J. Henry Schroder & Co., Royal Exchange Assurance, Hope & Company, and Continentale Handelsbank. The defendant shall also produce for plaintiff's inspection and copying the exhibits and documents which have not already been submitted to the plaintiff but which are referred to on pages 53 to 65, and page 67 of the Hollander report.

The motion of the plaintiff is granted to the extent above indicated and is denied as to the remainder of the report.

Settle order on notice.