**Fred FREDRICKSEN, Plaintiff,**

v.

**BETHLEHEM STEEL COMPANY, Defendant.**

Civ. A. No. 14380.

United States District Court
E. D. New York.

March 18, 1955.

Melvin Sacks, New York City, for plaintiff.

Alexander & Ash, New York City, for defendant.

BRUCHHAUSEN, District Judge.

By this motion, the plaintiff seeks an order directing the defendant to answer interrogatories and to produce documents.

In his letter memorandum of March 11, 1955, plaintiff's counsel seems to make the point that since defendant defaulted in complying with the interrogatories, or in objecting to them, it waived its rights. While this may be technically correct, the general rule in the State courts appears to be that the party seeking discovery, or examinations, must show the propriety thereof. Even the case of Cary v. Hardy, D.C., 1 F.R.D. 355, cited by plaintiff required the party propounding the interrogatories to show the propriety of the unanswered questions if at least some were answered, viz.: "there would be no question if a portion of the interrogatories were answered, some objected to and answers withheld, if done within the ten days". The defendant herein followed such procedure, excepting that it did not act within the ten-day period.

The case of North v. Lehigh Valley Transit Co., D.C., 10 F.R.D. 38, cited by defendant, is persuasive. Although the defendant therein did not move to vacate a subpoena duces tecum for the production of certain documents, yet the Court said that this did not relieve plaintiff of the necessity of showing good cause.

The case of Maddox v. Wright, D.C., 11 F.R.D. 170, is also persuasive from a different standpoint. The plaintiff there-

in sought the production of documents by the indirect method of propounding interrogatories therefor and by requesting that they be annexed to the answers, but the Court held that the failure to object did not obviate a showing of good cause.

As to item 2 of the discovery portion of the motion, the only question, if there be one, is whether plaintiff can furnish copies of the medical reports, but even as to that, the defendant does not appear to object.

As to the other items of discovery, i. e., the photographs, the blueprints, and the written statements of the witnesses, plaintiff must show good cause.

Defendant does not object to their production, but objects to such production without a showing of good cause.

Neither in the moving papers nor in the memorandum of law, has the plaintiff shown such good cause. The cases of Thomas v. Pennsylvania R. Co., D.C. E.D.N.Y.1947, 7 F.R.D. 610 and Hughes v. Pennsylvania R. Co., D.C.E.D.N.Y. 1948, 7 F.R.D. 737, following the Thomas case, supra, cited by him certainly do not negate the duty. While the Pennsylvania cases, DeBruce v. Pennsylvania R. Co., D.C., 6 F.R.D. 403, and Nedimyer v. Pennsylvania R. Co., D.C., 6 F. R.D. 21, are favorable to the plaintiff in that copies of the statements were sought by way of answer to interrogatories, granted by the Court, it indicated that good cause must be shown. Although in the DeBruce case (last paragraph), the Court limited the extent of such a showing.

In all of those cases a claim agent for the defendant took certain statements long before plaintiff commenced suit or had an opportunity to investigate. Here the witnesses were in close association with plaintiff. They were his co-workers.

The cases, cited by defendant, requiring a showing of good cause are controlling, viz.: Gebhard v. Isbrandtsen Co., D.C., 10 F.R.D. 119; Hudalla v. Chicago, M., St. P. & P. R. Co., D.C., 10 F.R.D. 363; Alltmont v. United States, 3 Cir., 177 F.2d 971; Marzo v. Moore-McCormack Lines, D.C.E.D.N.Y., 7 F. R.D. 378.

The case of Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451, cited by both parties, supports the defendant's contention as to the necessity of showing "good cause".

As to the answers to the interrogatories:

Nos. 4, 7, 8 and 9. Objections overruled.

Nos. 20, 21, 22, 23 and 28. Objections overruled. The defendant has furnished additional answers.

Plaintiff's objections to the answer to No. 26 is well taken in that defendant's response thereto is a legal conclusion. His objections to answers to Nos. 24 and 25 are overruled in that he himself has used the legal conclusion "duty". However, as to the answer to No. 26, defendant is only required to give the names of its employees, known to it to have been in the vicinity of the alleged occurrence.

Response to No. 29 (and therefore No. 30) seems evasive, but interrogatory No. 29 is vague and indefinite as to time or location of the equipment. Perhaps defendant was guilty of laches in not having moved with regard to this item, but plaintiff has not shown the relevancy thereof and the objection is overruled.

Nos. 32 and 33. The objections are overruled.

No. 35. Objection sustained.

No. 36. Objection overruled.

All other objections made by plaintiff are overruled.