Glenn W. MORRIS, Plaintiff,

v.

ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY, a corporation, Defendant.

No. 10391.

United States District Court W. D. Missouri, W. D.

Nov. 7, 1957.

Swofford, Schroeder & Shankland, Kansas City, for plaintiff.

Jack W. R. Headley, Kansas City, for defendant.

R. JASPER SMITH, District Judge.

Plaintiff instituted this action on August 13, 1954, in the Circuit Court of Jackson County, Missouri, seeking damages for personal injuries in the amount of $3,000. Thereafter, on May 15, 1956, plaintiff filed an amended petition, alleging the identical claim for relief, but increasing his prayer for damages to $20,-000. Defendant removed the action to this Court on May 17, 1956.

On October 10, 1956, defendant served notice on plaintiff's counsel that he would take the deposition of Sydney S. Dull on October 15, 1956. Mr. Dull is District Transportation Manager, Postal Transportation Service, United States Post Office in Kansas City, Missouri. A subpoena duces tecum was issued and served upon Mr. Dull, ordering him to bring with him all records, reports and correspondence pertaining to plaintiff, including all pay records, work records, leave, vacation and time off records, sickness and illness records, personal injury records and reports, medical reports and names of doctors examining, and any and all other records, data, reports and correspondence regarding the plaintiff.

Mr. Dull appeared at the appointed time and place but refused to produce the records demanded in the subpoena duces tecum. He stated that postal regulations forbade him from producing the records without the approval of the Postmaster General. However, he agreed to request permission from this official for the release of the records concerning plaintiff. Thereupon, at request of counsel, the deposition of Mr. Dull was continued for an indefinite time.

Defendant's counsel states, under oath, that on December 11, 1956, Mr. Dull telephoned him and said that he had received an answer from Washington, D. C., and that he had been informed via letter that the records pertaining to plaintiff, Glenn W. Morris, were the property of the Employees Compensation Division, Department of Labor, and that he was not to permit defendant to see such records nor was he permitted to produce such records in response to a subpoena duces tecum unless plaintiff's attorneys agreed. Attached to the pleadings is a copy of a letter from plaintiff's attorneys addressed to Mr. Dull, dated December 22, 1956, advising him that plaintiff does not waive any privilege that may attach to the records sought to be subpoenaed.

Defendant now moves to compel Sydney S. Dull to answer and to produce the records designated in the subpoena duces tecum. Rule 37, Fed.Rules Civ.

Proc. 28 U.S.C.A., upon which defendant predicates its motion, prescribes the procedure whereby a court can compel a party or witness to make discovery, and the penalties to be imposed upon refusal.

■ The proper scope of a subpoena duces tecum is defined in Rule 45(d) (1) which reads in part:

"The subpoena may command the person to whom it is directed to produce designated books, papers, documents, or tangible things which constitute or contain evidence relating to any of the matters within the scope of the examination permitted by Rule 26(b), but in that event the subpoena will be subject to the provisions of subdivision (b) of Rule 30 and subdivision (b) of this Rule 45."

Rule 26(b), of course, permits examination "regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action," and which "appears reasonably calculated to lead to the discovery of admissible evidence." Certainly the records and material here sought are relevant to the subject matter of this action, and if available for production, reasonably may lead to the discovery of admissible evidence. But a request for their production raises a question of privilege.

■ In refusing to produce the subject records in response to the subpoena duces tecum at the time of the taking of the deposition, Mr. Dull based his refusal on Section 114.452 of the Postal Manual, which reads:

"Postal inspectors and other employees having possession of inspectors' reports or inspection service records are prohibited from presenting such reports, records, or information in a state court or for the use of parties to a suit or habeas corpus proceedings in a federal court if the United States is not a party in interest. They will inform the parties interested that the reg-

ulations of the post office department prohibits them from furnishing official reports, records or information direct unless authorized by the department. Should an attorney for a private litigant attempt to compel an employee to disclose sources of official information or similar privileged matter, the employee will decline to produce the information or matter and state it is privileged and cannot be disclosed without specific approval from the department."

Although each Governmental agency is authorized to prescribe regulations, not inconsistent with law, for the government of its own organization and the conduct of its subordinates, it is not the exclusive right of any such agency to determine for itself the privileged nature of any of its records or documents. 5 U.S.C.A. § 22; Zimmerman v. Poindexter, 9 Cir., 74 F.Supp. 933, 935; Evans v. United States, D.C., 10 F.R.D. 255; and Snyder v. United States, D.C., 20 F.R.D. 7. The Zimmerman case, supra, in discussing Section 22 of Title 5, U.S.C.A., explains that:

"It is obvious from the words employed that the statute neither confers legislative function nor limitless authority in prescribing or promulgating regulations. Within their proper spheres governmental executive regulations are not to be disregarded by the court.

"But the clear mandate that all executive regulations be 'not inconsistent with law' circumscribes the power of the entity prescribing the regulation under consideration, and operates to make the applicability and enforceability of a specific executive department regulation a judicial question for ultimate decision by the court."

These authorities make it increasingly clear that when matter such as is sought in this case is in litigation, the Court and not a Governmental agency ultimate-

ly must determine the question of privilege. An agency's determination that it shall decline to produce records or information because of a self-imposed restriction of privilege is not final and binding upon the Court. Overby v. United States Fidelity & Guaranty Co., 5 Cir., 224 F.2d 158.

The cases cited by plaintiff, Boske v. Commingore, 177 U.S. 459, 20 S.Ct. 701, 44 L.Ed. 846; Ex parte Sackett, 9 Cir., 74 F.2d 922; and United States ex rel. Touhy v. Ragen, 340 U.S. 462, 71 S.Ct. 416, 95 L.Ed. 417, simply hold that a subordinate Governmental official will not be compelled to testify and produce documents in private litigation, in which the Government or any of its agencies is not a party, where a departmental regulation prohibits disclosure in the absence of consent by the head of the department. Cases so holding do not reach the problem here where the head of the agency apparently has consented to release the records sought upon condition that plaintiff's attorneys also consent to their release. As has been shown, plaintiff's attorneys refuse to consent.

■ The departmental regulation upon which Mr. Dull declined to produce the requested records was promulgated unquestionably for the protection of the Government, or more particularly the United States Post Office, and not for the benefit of its employees. It is readily apparent that, for this reason, Federal Life Insurance Co. v. Holod, D.C., 30 F. Supp. 713, cited by plaintiff, can have no application since the departmental regulation there involved was enacted to protect persons interested in the successful operation of the Selective Service Law, and who had furnished information to the agency administering that law.

■ The agency apparently is willing to disclose the records sought if plaintiff's attorneys agree to the disclosure. The agency's attitude indicates that as far as they are concerned no interest of theirs or of the general public will be prejudiced by the disclosure. However, they attempt to invest plaintiff with a right of privilege as to the records. In my view he is not entitled to have it. If plaintiff was employed by a non-governmental employer, he would have no right to assert privilege in resisting production of records such as defendant seeks here. The fact that plaintiff's employer is a Governmental agency should make no material difference as regards the right of privilege, in the absence of a statute or regulation expressly protecting persons such as plaintiff, and sufficient public policy to enable the Court to uphold the protective statute or departmental regulation. In this case I find neither the statute or regulation, nor the public policy to sustain plaintiff's assertion of privilege.

■ Plaintiff is directed to consent to the production of the records sought by defendant, and to cooperate expeditiously to effect their production as soon as possible through the proper authorities. This decision is founded upon the assumption that Section 114.452 in the Postal Manual, under which Mr. Dull refuses to produce the records requested, is applicable to them. The applicability of that section is a matter of proof, about which I entertain considerable doubt, and I do not decide that now. Assuming applicability, the records still must be produced, because of the agency's apparent willingness to release them conditionally. If plaintiff refuses to consent to the disclosure of the records, as directed, I will entertain a motion by defendant to strike plaintiff's complaint.

■ While I hold that defendant is entitled to the information sought, nevertheless, I am of the clear opinion that its description or designation of records in its motion to produce is too broad. I limit the designation to the following: "All pay records, work records, leaves, vacation or time off records, sickness and illness records, medical reports and names of doctors examining, pertaining to Glenn W. Morris."

Upon condition that plaintiff's attorneys consent to the production of the records, defendant's motion is sustained, and the witness, Sydney S. Dull is directed to appear at a time and place to be appointed by defendant's counsel and to bring with him in response to defendant's subpoena duces tecum all the records called for in its designation, as amended. It Is So Ordered.