**ATLANTIC GREYHOUND CORPORATION**
**v. LAURITZEN et al.**
No. 10939.

United States Court of Appeals
Sixth Circuit.
June 8, 1950.

J. H. Doughty, and S. F. Dye, Knoxville, Tennessee (S. F. Dye, Knoxville, Tenn., Hodges & Doughty, Knoxville, Tenn., on the brief), for appellant.

Frank Montgomery, and W. W. Kennerly, Knoxville, Tennessee (George Montgomery, Donaldson, Montgomery & Kennerly, Knoxville, Tenn., Hempstead & Green, St. Charles, Ill., on the brief), for appellee.

Before SIMONS, McALLISTER and MILLER, Circuit Judges.

SIMONS, Circuit Judge.

In a death case grounded upon negligence, after a directed verdict for the appellant and the grant of a new trial upon motion of the appellees, a second trial resulted in a substantial verdict for damages, with a motion for new trial by the appellant denied and from the judgment, the present appeal. The appeal is based upon alleged absence of substantial evidence to show actionable negligence and alleged errors in the rulings of the court.

On the morning of January 7, 1946, the appellant's bus was traveling east upon the south side of U. S. Highway No. 70 from Knoxville, Tennessee, to Asheville. The road is a concrete two-lane highway, 18 feet in width, and the bus was upon its own side of the road. At or near Newport Tennessee, a Chevrolet car driven by one Fred Kyker, emerged from under the cover of a gas station on to the highway and made a partial "U" turn toward the east. As it angled across the center line of the highway it collided with the left front wheel of the bus. The bus went off the south side of the highway, its right front wheel partially climbing an embankment, and then slowly rolled over on its left side. A son of the appellees who was a passenger on the bus, was found lying in the opened emergency door with his left hand and foot caught under the side of the bus. When the bus was lifted he was dead, death being attributed to shock or traumatic asphyxia. Kyker came out from the gas station without sounding his horn or stopping, and unable to see the approaching bus because his windows were clouded.

There can be little doubt that the primary cause of the accident was the gross negligence of Kyker, but under the law of Tennessee the gross negligence of a third party causing or contributing to an accident, does not relieve a carrier for hire from liability for the full damages resulting from injuries to a passenger if due in any degree to the proximate concurring negligence of the carrier. Memphis St. Ry. Co. v. Cavell, 135 Tenn. 462, 187 S.W. 179, Ann.Cas.1918C, 42; Jaggers v. Southeastern Greyhound Lines, Inc., 6 Cir., 126 F.2d 762.

The decaration counted on both common law and statutory negligence of the appellant. Its specifications under the common law count alleged excessive speed, failure of the operator to keep an adequate and proper lookout, failure to control the bus so as to avoid the collision when it appeared imminent, failure to control the bus

after the collision so as to prevent its over-turning, failure to discover the injured passenger promptly and failure to permit medical aid there available to reach him promptly while pinned under the vehicle. The statutory count alleged violation of §§ 2682 and 2695 of the Code of Tennessee which penalizes the operation of motor vehicles in a reckless manner or with improperly adjusted brakes. Between the two trials the appellees amended their complaint to set up two additional specifications of negligence alleging that gasoline was allowed to enter the bus near the imprisoned young man and to enter his nose and mouth without his being relieved, and the use of a bus with a defective emergency door.

For the appellant it is contended that the court erred in granting appellees a new trial in the first instance, and denying its own motion for a new trial in the second. We give these claims no consideration. It is well settled, without need of citation, that the granting or denial of a new trial is not ground for appeal except upon a showing of errors of law or an abuse of discretion, and we perceive neither.

In reviewing a trial to a jury our function is not to weigh the evidence or to pass upon the credibility of witnesses. We confine ourselves, therefore, in our scrutiny of the record, to the ascertainment whether there was substantial evidence of negligence on the part of the bus company to submit an issue of fact, in respect to it, to the jury. The pavement was wet. There was evidence by passengers that the appellant's bus was moving at a rate of from 35 to 45 miles per hour. The district, though not heavily settled, was not open country, there being business places and residences at or near the place of the accident, and the city limits of Newport came to the middle of the highway. A number of passengers had perceived the Chevrolet approaching the highway while the bus was at a substantial distance from the point of emergence and a substantial interval before the driver noticed it. The driver had testified that he could have stopped the bus under the conditions then existing, in about 45 feet, and there was evidence that there was from 100 to 175 feet between the point where the bus driver first observed Kyker, to the point where the bus overturned. If he was going slowly around 25 miles per hour as claimed by the appellant, he could have stopped before colliding with the motor car or after the collision have remained on the wide berm of the roadway before his right front wheel climbed the bank and caused the overturning. If he was driving 45 miles per hour on a wet pavement, under all the circumstances, an issue of fact was presented as to whether this constituted either common law or statutory negligence. The jury could take its choice. On either theory the evidence was sufficient to support its general verdict.

It is claimed that the court erred in sustaining a motion for the production of documents under rule 34, Rules of Civil Procedure, 28· U.S.C.A., compelling the appellant to produce the names and addresses of all witnesses, all passengers on the bus, their statements, the bus schedule and the driver's log as well as all photographs D.C. 8 F.R.D. 237. The appellant relies upon Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 394, 91 L.Ed. 451. That case does not throw the protective cloak of privilege over information secured from witnesses whose identity is unknown to the plaintiffs and not available to them. The names of the witnesses, their statements, the bus schedule, the driver's log and other information requested were not in the possession of the plaintiffs. The court in the Hickman case said, "Where relevant and non-privileged facts remain hidden in an attorney's file and where production of those facts is essential to the preparation of one's case, discovery may properly be had. Such written statements and documents might, under certain circumstances, be admissible in evidence or give clues as to the existence or location of relevant facts. Or they might be useful for purposes of impeachment or corroboration. And production might be justified where the witnesses are no longer available or can be reached only with difficulty." Hickman v. Taylor, supra, does not preclude granting the present petition for discovery.

Another contention of the appellant is that the court erred in refusing a continuance of the trial because of the absence of Kyker from the United States and the unintelligibility of some portions of Kyker's testimony at the first trial as reported upon a wire recorder, then in use. There is no showing, however, that the appellant made any effort to secure the return of Kyker to the United States or to obtain his deposition, and no showing is made as to the materiality of the testimony inadequately transcribed. The granting of a continuance is within the sound discretion of the court. We perceive no abuse thereof.

There being, in our view, substantial evidence to warrant the submission of the cause to the jury upon the disputed issues of speed, lack of proper lookout and failure of control, it becomes unnecessary, we think, to consider other specifications of negligence asserted by the appellees. While we have given consideration to other claims of error asserted by the appellant we find none of them meriting discussion or constituting prejudicial error.

The judgment below is affirmed.