**PANELLA v. BALTIMORE & O. R. CO.**

Civ. No. 28088.

United States District Court

N. D. Ohio, E. D.

Dec. 5, 1951.

██

Elmer I. Schwartz, Cleveland, Ohio, for plaintiff.

T. Lamar Jackson, C. Kenneth Clark, Youngstown, Ohio, for defendant.

JONES, Chief Judge.

This is a motion for discovery under Fed. Rules Civ.Proc. rule 34, 28 U.S.C.A. Plaintiff requests an order for production of the following documents: (1) "any and all written statements of witnesses to the accident", and (2) "any and all written reports of or pertaining to said occurrence".

Defendant opposes the motion on the ground that it is vexatious, and on the further ground that the requested documents are privileged under the law of Ohio which law it claims applies.

■ Privilege is a matter of procedure "like most other aspects of the law of evidence". Moore's Fed. Practice, 2d Ed., Sec. 26.23(8). The federal courts, therefore, are free to follow their own interpretation of the concept.

■ The federal rule denies privilege for ordinary statements of witnesses not taken directly by an attorney. Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L. Ed. 451; Atlantic Greyhound Corp. v. Lauritzen, 6 Cir., 182 F.2d 540; Moore's Federal Practice, Id. It also denies privilege for reports of employees or agents made in the regular course of business. It is clear, therefore, that defendant's present objection on the ground of privilege can not be sustained.

The requirements of Rule 34 in all other respects also have been met. Good cause has been shown, Cannon v. Aetna Freight Lines, Inc., D.C., 11 F.R.D. 93, and the requested documents contain information relevant to the subject matter of the action.

Plaintiff is entitled to favorable action on the motion.

Motion granted.