**TOBIN, Secretary of Labor, v. GIBE.**

**Clv. No. 1396.**

United States District Court,
D. Delaware.

June 4, 1952.

William S. Tyson, Solicitor, Jeter S. Ray, Associate Solicitor, and John J. Babé, Asst. Solicitor, U. S. Department of Labor, Washington, D. C., Ernest N. Votaw, Regional Atty., and Howard W. Fineshriber, Associate Atty., U. S. Department of Labor, Philadelphia, Pa., and William Marvel, U. S. Atty., Wilmington, Del., for plaintiff.

Stewart Lynch and Robert B. Walls, Jr., of Wilmington, Del., for defendant.

RODNEY, District Judge.

This is a motion to compel production of documents under Rule 34, Federal Rules of Civil Procedure, 28 U.S.C. The action was instituted on August 1, 1951, to enjoin the defendant, Walter Gibe, from violating provisions of Sec. 15(a) (4) of the Fair Labor Standards Act, Amendments of 1949.[1] The complaint alleges that the defendant employed three minors under sixteen years of age during school hours for the school

1. Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq.

district wherein such minors were living while so employed, in violation of the Act.

Interrogatories were filed by the defendant wherein it was ascertained the names and ages of the three minors so employed, the name of the person who made the investigation for the Department of Labor, and whether or not any written statements had been obtained from the minors.

On August 31, 1951, oral depositions were taken by the defendant of the three minors named in the answer to defendant's interrogatories. It was there ascertained from the witnesses examined that certain statements had been obtained from these witnesses by an investigator for the Department of Labor in May, 1951. The production of these statements is the basis of this motion.

The defendant contends, in support of his motion, that:

(1) the documents contain evidence relating to the pending action;

(2) the defendant has shown good cause for production;

(3) the requested documents are not subject to privilege.

In opposition to the motion, the plaintiff asserts:

(1) the statements are privileged under the applicable statutes and regulations;[2]

(2) the documents are protected from discovery by the Common Law Rule that reports of citizens to public officials regarding violations of the law are privileged;

(3) the defendant has failed to show good cause as required by Rule 34 for production of documents.

■ 1. As to the first objection made by the plaintiff, this court feels that it is bound by the decision in Reynolds v. United States, 3 Cir., 192 F.2d 987,[3] wherein it is held that it is for the court to determine whether or not certain documents are privileged and not the head of a particular department.

■ 2. The plaintiff's second ground of objection is that there is a common-law privilege attaching to reports of citizens to public officials regarding violations of the law. There is such a privilege to protect informants on the ground of public policy. United States v. Kohler, D.C.E.D.Pa.1949, 9 F.R.D. 289. This court is of the opinion that such privilege ceases and is unnecessary after the names of the informants are voluntarily given to the defendant. Professor Wigmore, in his discussion of the rule of privilege protecting communications made by informers to the government, states as one of the exceptions "that the privilege applies *only* to the *identity* of the informant, not to the contents of his statement as such, for, by hypothesis, the contents of the communications are to be used and published in the course of prosecution." 8 Wigmore, Sec. 2374. An additional exception noted is that the trial court may order the disclosure if it appears necessary in order to avoid the risk of false testimony or in order to secure useful testimony.

In the instant case, where the answers to defendant's interrogatories disclosed the identity of the informants, the privilege thereafter did not exist.

■ 3. The defendant in this case has failed to show good cause for the production of the documents in question. The defendant places reliance on Pennsylvania R. Co. v. Julian, D.C., 10 F.R.D. 452, 453, in which this court permitted the inspection of certain accident reports because the witnesses were not readily available to the defendant. In that case written reports had been made very soon after the accident. Information to be obtained from these same witnesses at a much later date was not con-

2. 5 U.S.C.A. § 22. *"Departmental regulations.* The head of each department is authorized to prescribe regulations, not inconsistent with law, for the government of his department, the conduct of its officers and clerks, the distribution and performance of its business, and the custody, use, and preservation of the records, papers, and property appertaining to it."

Department of Labor Regulations, Article 3—Unofficial Access to Records.

3. Certiorari granted 1952, 343 U.S. 918, 72 S.Ct. 678.

sidered as an equivalent for the earlier reports, the court holding, "much may depend upon the necessarily uncertain memory of a few individuals as to what occurred in the space of a few minutes or a few seconds, it is important and, indeed, necessary that both parties should have access to such more or less contemporaneous record of events as may exist."

What constitutes good cause depends upon the particular circumstances of each case and upon the consideration of practical convenience. In this case I fail to find any special circumstances, as required by Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451, sufficient to sustain production of the statements.

Here the action was instituted on August 1, 1951; interrogatories were filed on August 22, 1951, seeking the names of the persons from whom statements were taken, and at the instance of the defendant, oral depositions were taken of these same persons on August 31, 1951. From these depositions the defendant was able to ascertain exactly the same information which the plaintiff presumably had obtained from the statements. The only issue will be whether or not the defendant, in violation of the Fair Labor Standards Act, hired these witnesses from whom statements were obtained.

The motion to produce must be denied for lack of good cause.

An appropriate order may be submitted.