Eula WILSON, Plaintiff,

v.

Bernard DAVID, Sr., Defendant.

Civ. A. No. 2678.

United States District Court
W. D. Michigan, S. D.

Dec. 6, 1957.

Uhl, Bryant, Slawson & Wheeler, Grand Rapids, Mich., Barrett, Barrett & McNagny, Fort Wayne, Ind., for plaintiff.

Rom & Newton Dilley, Grand Rapids, Mich., for defendant.

KENT, District Judge.

This matter is before the Court on plaintiff's motion to require the defendant to produce the following: (1) any statement made by Bernard David, Jr. to his insurance company; (2) any statement made by the passenger riding in the car of the defendant, Bernard David, Sr., at the time of the accident complained of; (3) any statements obtained from any other witnesses; (4) any and all reports of investigators of the insurance company defending this action on behalf of Bernard David, Sr.; (5) any photographs of the scene of the accident or the vehicles, taken on behalf of the defendant; (6) any and all statements taken in connection with the investigation of this accident prior to the time suit was filed.

The suit in question arises out of an accident which occurred on the 8th day of November, 1953, in Lansing, Michigan, between an automobile in which the plaintiff was a passenger, and an automobile owned by the defendant, Bernard David, Sr. and driven by Bernard David, Jr., who was originally named as a party defendant. No service of process was obtained upon Bernard David, Jr., who at the time suit was instituted was absent from the jurisdiction and was on duty with the Armed Forces of the United States.

The defendant has agreed that he will furnish the items requested in number five above. He objects to the balance of the motion on the ground that there is no showing that the items existed, that they would be material, if they did exist, or that they are in the possession or control of the defendant. Defendant further objects to the motion on two grounds: (1) that any such material, if it exists, is in the hands of the liability insurer of the defendant, which is not a party to this action, and (2) that the plaintiff was not "a poor colored woman without funds to hire and pay investigators to obtain statements of persons with knowledge of the relevant facts." The second ground is based on the claimed facts that the accident occurred on the 8th day of November, 1953, and that the plaintiff secured counsel prior to the 10th day of November, 1953, as appears from a letter addressed to the defendant's driver under that date by Stuart J. Dunnings, Jr., an attorney-at-law, of Lansing, Michigan.

The question of the right of a party to secure material in the possession of the liability carrier of the other party is discussed in Simper v. Trimble, D.C., 9 F.R.D. 598, wherein the court held at page 599:

"It is a matter of common knowledge with which lawyers and judges

alike are familiar, that automobile liability insurance is a necessary and extensive business carried on in every part of the country. The books are teeming with reports of cases and the usual relationship existing between the insurance carrier and its assured. With probably no exception, one of the obligations of the insurer requires it to defend its policyholder in case of litigation arising from alleged collisions and injuries such as those claimed here. The insurer is obliged by its contract to take over the defense of the case, to furnish counsel for that purpose, as well as to incur the expense of procuring witnesses, and in all things to save the insured harmless from expenses and damages within the limits of the policy. It would be idle to say that an insurer thus obligated and in complete control and direction of the defense might be able to claim immunity from the usual obligations resting upon a litigant. For all practical purposes it is performing the exact functions and playing the precise role of an actual party to the litigation. That being true, it should be subject to the usual and reasonable rules of procedure, and especially with respect to discovery. Otherwise a litigant by contracting with a third party could nullify and evade the rules of procedure."

Therefore, unless the other grounds in opposition to said motion are sufficient, the material in question should be produced by the defendant, or his insurance carrier which is acting for him, in this action.

Defendant further claims that the items in question have not been sufficiently identified. This has been answered in Atlantic Greyhound Corp. v. Lauritzen, 6 Cir., 182 F.2d 540, wherein the Court of Appeals sustained the order of the trial court requiring the production of *any and all* names and addresses of witnesses, passengers on the bus, their statements, etc.

■ In the opinion of this court the identification "any" prefacing the items referred to in this motion to produce is sufficient identification to comply with the requirements of Rule 34 of the Federal Rules of Civil Procedure, 28 U.S.C.A. As has been said in the Cyc. of Federal Proc. § 25.593, "a party should not be ordered to permit a general inspection of all his records simply because the movant does not know which documents are needed. Rule 34 refers to designated documents, and 'designated' documents are those which can be identified with some reasonable degree of practicability." Certainly the items requested in this motion can be identified with a great deal of practicability.

■ Defendant also contends that the motion for production is defective in that it does not set forth that the matters sought to be produced are not privileged. There is no case directly in point. However, in Samuel Goldwyn, Inc. v. United Artists Corporation, D.C., 35 F.Supp. 633, 638, the Court said:

"If any of the records are privileged, or if the examination is so conducted as to pry into the business secrets of Korda's companies, or if he or they are harassed by the examination, the rules afford them protection through a proper application to the court."

Thus, in this case if the defendant is of the opinion that some of the material in question is privileged, that is a matter for him to assert under the provisions of Rule 30(b), wherein it is provided in part:

" * * * Upon motion seasonably made by any party or by the person to be examined and upon notice and for good cause shown, the court in which the action is pending may make an order that the deposition shall not be taken. * * *."

Rule 34, under which the present motion is instituted is expressly made subject to the provisions of Rule 30(b). It is clear that Rule 34 makes it an express good cause for denying the motion to produce that the matter sought is privileged. In order to take advantage of the protection afforded by the Rules the defendant must make a seasonable motion or application to the court pointing out the alleged privileged material.

■ Defendant further alleges that the plaintiff has failed to claim that the statements sought would be material, if they exist. It may well be that the plaintiff has failed to use the exact language deemed appropriate, but it has been stated in plaintiff's motion: "In order to obtain a fair trial and place the parties upon a basis of equality in their preparation herein, the plaintiff is entitled to the relief herein above requested." It should be obvious to any lawyer that statements made by a driver or passenger in an automobile involved in an accident which is the subject of litigation must necessarily be material. In like manner the statements obtained from any witnesses would be material in connection with the preparation of this case.

Actually, the basic issue in this case is the necessity for the production of the documents and the extent of the cause shown which would justify the exercise of the court's discretion in behalf of this plaintiff. Rule 34, Federal Rules of Civil Procedure, provides as follows:

"Upon motion of any party showing good cause therefor and upon notice to all other parties, and subject to the provisions of Rule 30(b), the court in which an action is pending may (1) order any party to produce and permit the inspection and copying or photographing, by or on behalf of the moving party, of any designated documents, papers, books, accounts, letters, photographs, objects, or tangible things, not privileged, which constitute or contain evidence relating to any of the matters within the scope of the examination permitted by Rule 26 (b) and which are in his possession, custody, or control; * * * The order shall specify the time, place, and manner of making the inspection and taking the copies and photographs and may prescribe such terms and conditions as are just."

It has been said in § 25.637, Cyc.Fed. Proc.:

"The motion or supporting affidavits must show good cause for discovery and production of documents or things. A mere allegation or recitation that good cause exists does not suffice. Rule 34 contemplates a demonstration by the moving party of his need, for the purposes of the trial, of the document or paper sought. It is not the duty of the court to search out a good cause for the production of the document or paper in question, but it is the duty of the moving party to show explicitly in his motion or by a supporting affidavit the need of the document, paper, or thing for examination. However, it has been thought that good cause may be found in a pleading, without further factual showing in the motion."

Whether or not good cause has been demonstrated depends upon the facts and the circumstances of the particular case. Tobin v. Gibe, D.C., 13 F.R.D. 16.

■ In regard to statements made by witnesses to the opposite party it seems to be generally held that good cause for their production is not shown when it appears that the witnesses are known and readily available to the moving party. This entire matter has been reviewed in Scourtes v. Fred Albrecht Grocery Co., D.C., 15 F.R.D. 55, where the court said at page 59:

"Where discovery of materials not the 'work product' of an attorney is sought, the requirement is one of 'good cause' for production under Rule 34. 'Good cause' is present where the information is within the exclusive knowledge of an adversary, or where there is inequality of investigative opportunity, or where the adversary has taken the statement of a witness and that witness is hostile or is no longer available to the party seeking discovery. These factors, standing alone or in combination, will justify discovery if the other requirements of Rule 34 have been met. The Rule clearly contemplates that 'good cause' shall consist of something greater than a mere showing of relevancy."

Also see Royal Exchange Assur. v. McGrath, D.C., 13 F.R.D. 150.

■ If the court were faced with the motion alone it might be that the plaintiff could prevail in this case. However, the court has also the benefit of an affidavit by Stuart J. Dunnings, Jr., which reads in part as follows:

"1. That the affiant paid a friendly visit to the home of Dr. William Harrison whereupon he was introduced to Mr. Raymond Wilson and Mrs. Eula Wilson, whereupon he was requested by Mr. Raymond Wilson and Mrs. Eula Wilson to represent Mrs. Wilson in negotiating a settlement for the damages she sustained as the result of the automobile accident; whereupon on the 10th day of November, 1953, I wrote a letter to the driver of the other vehicle informing him that I had been so retained.

"2. I was informed that he and his wife desired to retain my services as attorney to negotiate a settlement and to recover damages for injuries sustained."

Mr. Dunnings is a member of the Bar of this Court, and is known to the Court.

In addition to this there was filed in this cause a Motion to Stay Proceedings on behalf of the defendant, which recites as follows:

"2. That this cause was started by plaintiff on May 10, 1955, against Bernard David, Sr. and Bernard David, Jr. and that the plaintiff's complaint was filed herein against Bernard David, Sr. and Bernard David, Jr.

"3. That ever since the starting of the said suit the defendant, Bernard David, Jr., has been and still is in the armed forces of the United States, to-wit the United States Navy now stationed at New Orleans, Louisiana where he is subject to the orders of his superiors and that it is impossible for Bernard David, Jr. to attend the trial of this action."

The court is satisfied that a party represented by competent counsel within two days after an occurrence of an accident has the ability to obtain a complete investigation of the circumstances of the accident and statements from any and all witnesses in the same manner as this could be obtained by a company insuring the defendant.

Without a showing of need greater than that set forth in the plaintiff's motion to produce, the plaintiff should have nothing more than the names of the witnesses which will enable her counsel to obtain depositions which will cover the knowledge of the witnesses involved of the facts relative to the accident in question. To inquire the defendant to produce all the material obtained by the efforts of his insurance company would be to permit the plaintiff to benefit from the work done on behalf of the defendant. The court does not deem this necessary, where the plaintiff was represented by counsel as she was represented in this case.

■ The court is of the opinion that the motion should be granted as to the first request of the plaintiff, that is,

for the production of any statement made by Bernard David, Jr. to his insurance company, unless the defendant shall, within 30 days from the date of the order pursuant to this opinion, file an affidavit with the court stating that Bernard David, Jr. is residing within the jurisdiction of this court and giving his address. As to items two and three, which request the production of statements made by the passenger riding in the defendant's automobile at the time of the accident, and statements obtained from any other witnesses, the court is of the opinion that this request should be denied, if an affidavit is filed in this cause within 30 days giving the address of any and all such persons, providing that production shall be made of statements taken from any such witnesses, including the passenger, who may be residing outside the jurisdiction of this court, and the same would apply to request number six. As to request number four, the court is of the opinion that report of investigators can include nothing more than an analysis of statements obtained and conclusions reached by the investigator. The information contained in the statements may be obtained by deposition, the conclusions of the investigators are in no way material to a disposition of this action.

Therefore, an order may be entered requiring the defendant: to produce (1) any statement taken from Bernard David, Jr., by defendant or his insurer, or in lieu thereof to file an affidavit giving the home address of the said Bernard David, Jr. showing that he is now within the jurisdiction of this court; (2) the name and address of the passenger riding in the automobile of the defendant, Bernard David, Sr., at the time of the accident showing that he is a resident within the jurisdiction of this court, or the statement made by such passenger to defendant's insurer or its representative; (3) the names and addresses of any other witnesses known to the defendant or his insurer. In all other aspects the motion is denied.