James P. MITCHELL, Secretary of Labor, United States Department of Labor, Plaintiff,

v.

Emilio ROMA, Jr., Maria Roma, Frank Roma, Jr., and Catherine Roma, partners doing business as F. Roma & Bros., Defendants.

Civ. A. No. 21796.

United States District Court E. D. Pennsylvania.

July 25, 1958.

Stuart Rothman, Sol., John J. Babe, Asst. Sol., Washington, D. C., Ernest N. Votaw, Regional Atty., U. S. Dept. of Labor, Philadelphia, Pa., for plaintiff.

Louis Lipschitz, Philadelphia, Pa., for defendants.

CLARY, District Judge.

This is an action to enjoin the defendants from violating the provisions

of Sections 6 and 15(a) (2) of the Fair Labor Standards Act of 1949 (Act of October 26, 1949, c. 736, 63 Stat. 910, as amended August 12, 1955, 69 Stat. 711), 29 U.S.C.A. § 206 and § 215(a) (2), by paying to many of their employees, covered by the Act, wages at a rate less than the statutory minimum. After an answer to the complaint had been filed by the defendants, in which they denied any violations, certain interrogatories were propounded by the defendants for answer by the plaintiff, to which objections were filed by the plaintiff.

In Interrogatory No. 2 the plaintiff was asked to state the name and last known address and present whereabouts, if known, of any person or persons from whom the plaintiff or any one acting in his behalf had obtained any report, statement, memorandum, or testimony concerning the matters involved in this cause of action. Interrogatory No. 3 requested information as to when, where, and by whom was each such report, statement, memorandum, or testimony obtained or made. Interrogatory No. 5 asked the name and last known address and present whereabouts, if known, "of each person whom the plaintiff or anyone acting in his behalf knows or believes to have any knowledge concerning the matters set forth in this cause of action".

In answer to Interrogatory No. 5 plaintiff disclosed the names of 85 persons, all employees or former employees of the defendants, as having some knowledge concerning the matters set forth in the complaint. Plaintiff, however, objected to answering Interrogatories Nos. 2 and 3 on the grounds that it was contrary to public policy for the plaintiff to reveal the names of informants from whom he had obtained information in the course of investigations which he is by law required to make in pursuance of his duties of enforcement. The Court overruled plaintiff's objections to Interrogatories Nos. 2 and 3, but limited the answer which he was required to make to Interrogatory No. 2 to stating which of the 85 persons listed in the answer to Interrogatory No. 5 had furnished *written* statements to the plaintiff. The Order provided further that in answering Interrogatory No. 3, plaintiff would be required to indicate which of the written statements mentioned in Interrogatory No. 2 were taken by persons other than attorneys of record in this proceeding because of intimations at the hearing on the objections that possibly some of the information obtained *might* have been secured by one or more of the attorneys of record.

The plaintiff subsequently filed a claim of privilege pursuant to the provisions of 5 U.S.C.A. § 22 and General Order 72 of the Secretary of Labor, in which he declined to answer the interrogatories as directed by the Court, alleging that to comply with the Court's Order would be prejudicial to the Government and to the public interest. The accompanying affidavits stated that each of the 18 employees of the defendants interviewed by plaintiff's agents was on the authority of the Secretary of Labor and on his direct instructions assured that his identity and the fact that he had given information and, indeed, the information itself would be kept confidential and would not be revealed to any person other than an authorized agent of the United States Government; that to compel the revealing of the information ordered by the Court would obstruct the administration of the Act in that it would make *other* employees of *other* business enterprises reluctant to disclose to plaintiff's investigators information concerning violations of the Fair Labor Standards Act.

The defendants then filed a motion to dismiss the action under the provisions of Rule 37(b) (2) (iii) of the Federal Rules of Civil Procedure, 28 U.S.C. because of plaintiff's failure to answer the interrogatories as directed by the Court. That motion is presently before the Court.

While the defendants argue that the Government in bringing this

action is in the same position as any other plaintiff in a civil action and that it must either forego the withholding of pertinent evidence or abandon its claim for relief, Mitchell v. Bass, 8 Cir., 1958, 252 F.2d 513; Durkin v. Pet Milk Co., D.C.W.D.Ark.1953, 14 F.R.D. 385; Fleming v. Bernardi, D.C.N.D.Ohio 1941, 4 F.R.D. 270, it must be noted that the Government in bringing actions of this type is acting in its sovereign capacity and cannot be considered as a private suitor. 4 Moore's Federal Practice, Par. 26.25(6). It must also be noted that while the Government cannot assert in every instance an absolute privilege, there are circumstances under which certain materials in its files are privileged and should not be disclosed, e. g., military secrets, security information. See United States v. Reynolds, 1953, 345 U.S. 1, 73 S.Ct. 528, 97 L.Ed. 727. Therefore, the Government's claim of privilege is entitled to respectful consideration. 4 Moore's Federal Practice, Par. 26.25 (6). However, the ultimate determination of what is or is not privileged must be made by the Court and not by the Government or the head of any agency of the Government. Tobin v. Gibe, D.C. Del.1952, 13 F.R.D. 16. Government investigators can not, unless permitted by the law, give blanket guarantees of non-disclosure to the people they interview.

A recent case of the Supreme Court of the United States, Roviaro v. United States, 1957, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639, deals with the question of privilege. This was a case in which the court held that it was reversible error for the trial court to fail to require the disclosure of the identity of an informer in a case involving possession and transportation of narcotic drugs. While this was a criminal case, the court discussed generally the question of privilege and in 353 U.S. at pages 60–62, 77 S.Ct. at pages 627–628 held that where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way; that in such a situation the trial court may require disclosure and, if the Government withholds the information, dismiss the action.

It is obvious that the disclosure of the identity of persons who have given *written* statements in a case of the type here involved "is essential to a fair determination of a cause". Such knowledge would be absolutely vital to a proper preparation of a defense against the charges here made entirely apart from the contents of statements made. It may be parenthetically noted that the defendants here have not even requested the contents of the statements. Motion for production of documents would of necessity be made under Rule 34 of the Federal Rules of Civil Procedure which requires the showing of good cause for their production. We have not reached that stage.

The Court is not impressed with the argument of counsel for the plaintiff that the disclosure of the names of employees furnishing written statements to the Government will result in a large scale refusal by employees generally to give information to the Government because of fear of retaliation from their employers. The same argument was made and rejected in the case of Fleming v. Bernardi, D.C.N.D.Ohio, 1941, 4 F.R.D. 270, supra.

After a full consideration of the record, the claim of privilege and affidavits in support thereof, hearing had, briefs submitted and oral argument thereon, the Court finds that the claim of privilege is not warranted under the facts of the instant case. Before, however, the Court will grant the motion to dismiss with prejudice, an opportunity will be given plaintiff to comply with the Order of the Court to answer the interrogatories. If the plaintiff complies with the said order of March 29, 1957 to answer the interrogatories on or be-

fore August 25, 1958, the motion will be denied; otherwise, it will be granted. Accordingly, a dispositive order will be entered as of August 26, 1958.