**Ralph BOGATAY, Plaintiff,**

v.

**MONTOUR RAILROAD COMPANY,**
Defendant.

Civ. A. No. 17861.

United States District Court
W. D. Pennsylvania.

Oct. 14, 1959.

Ralph S. Davis, Jr., of Evans, Ivory & Evans, Pittsburgh, Pa., for plaintiff.

John Laubach, Jr., of Rose, Houston, Cooper & Schmidt, Pittsburgh, Pa., for defendant.

JOHN W. McILVAINE, District Judge.

In this case the plaintiff seeks damages for injuries he sustained while employed by the defendant railroad and brought this suit under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq.

Both the plaintiff and defendant have filed extensive interrogatories. The defendant objected to certain interrogatories propounded by the plaintiff, however, at the argument the parties amicably agreed to certain changes and deletions as to all the interrogatories in dispute except two which they were unable to resolve and on which the Court must make its decision. They are Interrogatories No. 87 and 88, and provide as follows:

"87. Since the date of the accident, has defendant observed any action or activity by or on the part of plaintiff while plaintiff was not on defendant's premises?

"88. If the answer to Interrogatory 87 is yes, state:

"(a) Where plaintiff was observed.

"(b) By whom plaintiff was observed.

"(c) What plaintiff was doing when observed."

Defendant's objections to answering these interrogatories is based on the grounds that they would seek to uncover evidence which it could use for impeachment purposes and which it feels is privileged from disclosure. While both sides have filed briefs in support of their posi-

tion, they are indeed very general and cite no authority dealing with the question of whether matters which could be used for impeachment purposes need be answered at this time.

The intent of these interrogatories appears to be that the plaintiff wants to know whether the defendant has been watching him or whether it has taken any movies or pictures or made any other types of observation of his activities. It is possible that the plaintiff might claim that his ability to do physical work is impaired, however, the Court is by no means stating that this would be the situation here. Defendant might desire to refute this by observing the plaintiff doing physical labor. This might be the use of the evidence that the defendant could obtain by observing the plaintiff, and in that case would be substantive evidence that should be disclosed at the proper time. We think that defendant's position that it should not have to disclose this evidence because of its potential impeaching value is under the circumstances well taken. While it is also possible that this evidence might be used for substantive purposes and as an affirmative defense as set forth above, we do not think that that necessarily appears at this time; but to the contrary it appears that the interrogatory as framed appears to be eliciting more probable impeachment matter, and it is for the defendant to choose whether it will use the evidence for impeachment or as a substantive defense. We feel the real purpose of interrogatories is to enable each side to gain the information necessary for it to fairly prepare its case, and at this time do not see why it is necessary for the plaintiff to know wheth-er or not the defendant has observed him carrying on any activity in order for him to fairly prepare his case.

 It is well established in this district to require a full and complete disclosure of evidence at the pretrial conference. The only exceptions being matters which the court holds were not discoverable at the time of the conference, impeachment matter, and privileged matter. See Local Rule 5(II)(G).

 While a local rule of court cannot take precedence over or be inconsistent with the Federal Rules of Civil Procedure, we do not think that our rule does this. To require the defendant to answer these interrogatories would subvert the spirit of our local rule which protects impeaching matter from disclosure. The plaintiff despite the liberality of the Federal Rules of Civil Procedure still has the burden of proof. The least he should be required to do is to state whether he can carry on work. He should state this honestly and not make such answer depend on whether the defendant has or has not observed his activities. Therefore, the defendant's objections to these interrogatories must be sustained at this time, and by the time the pretrial conference is set the defendant will have ample opportunity to consider its case in the light of plaintiff's contention, and make election as to whether it intends to use this information if it has any as substantive evidence which it must disclose at pretrial or as solely impeaching evidence which it need not disclose at pretrial except to the Court for its determination as to whether the evidence is substantive or impeaching.