Patricia LEACH, by her guardian, Lester R. Leach, Lester R. Leach and Mary E. Leach, Plaintiffs,

v.

The CHESAPEAKE AND OHIO RAILWAY CO., Inc., a West Virginia corporation, Defendant.

Civ. A. No. 4362.

United States District Court
W. D. Michigan, S. D.
March 25, 1964.

---

3. See generally, Note, Pendent Jurisdiction, 62 Colum.L.Rev. 1018 (1962).

Rhoades & Garlington, Grand Rapids, Mich., for plaintiffs; Dale W. Rhoades, Grand Rapids, Mich., of counsel.

Strawhecker & McCargar, Grand Rapids, Mich., Robert A. Straub, Detroit, Mich., for defendant; Paul O. Strawhecker, Grand Rapids, Mich., of counsel.

Allaben & Massie, William J. Addison, Grand Rapids, Mich., for third-party defendant.

FOX, District Judge.

Plaintiff in successive motions for production has asked that certain documents be produced and that the statements of witnesses in the possession of the defendant be made available to the plaintiff. During the pretrial held February 10, 1964, the court ruled on all the motions.

In the course of its ruling on the motions, the court referred to what this court calls the "Dearborn Doctrine." The parties have requested that the court set this out in a memorandum opinion.

The Dearborn Conference was one of three conferences ordained by the Judicial Conference of the United States to acquaint newly appointed district judges with problems in the district courts. The Conference was conducted in the manner of the classic university seminars; a small group of new district judges discussed with experienced trial judges such matters as procedure, administration, jurisdiction, discovery and substantive problems arising under Federal Statutes. See Foreword by Circuit Judge Murrah in Seminars for Newly Appointed United States District Judges, West Publishing Company.

The Conference on discovery was led by Irving R. Kaufman, Judge for the Second Circuit Court of Appeals. The pertinent part of his address is as follows:

"I am sure you are all basically familiar with the 'work product' rule. Hickman v. Taylor, 329 U.S. 495, [67 S. Ct. 385, 91 L.Ed. 451]. In essence this provides that although the information gathered by opposing counsel, such as statements of witnesses, is not privileged, the party seeking such information by discovery must show good cause or 'very good cause' why production should be ordered. If the court decides that the requested discovery falls within the ambit of the 'work product' of counsel, it must then determine whether there are factors present which outweigh the policy against disclosure where the result will be to allow one party to take advantage of the diligence of the other. No precise definition of 'good cause' has been formulated; however, it is accepted that practical considerations are of great importance in making the determination.

"A somewhat similar problem arises in applications for discovery and inspection of documents, and in the use of subpoenae under Rule 45. A literal reading of the rules indicates that no showing of good cause is necessary when documents are sought pursuant to subpoena rather than by application for discovery

and inspection of documents under Rule 34. However, the courts have held that Rules 34 and 45 are in *pari materia*. Thus, good cause must be shown for production of documents sought through Rule 45. The good cause element for production of documents is generally not strictly construed. That is, as Professor Moore has stated:

> "the policy in favor of free access to the facts should ordinarily outweigh any element of prejudice or unfairness to the adverse party."

The more liberal view is to equate good cause with relevancy and materiality; the 4th Circuit, however, in Guilford Nat. Bank of Greensboro v. Southern Ry. Co., 297 F.2d 921 (4th Cir. 1962) has recently held that something more is needed. Procedurally the chief difference is that in proceeding under Rule 34 the burden is on the moving party to show good cause, in proceeding under Rule 45 the opposing party or witness must show that the request is unreasonable or oppressive.

" * * *

*"The judge has wide discretionary powers in dealing with discovery matters; guided by the policy of full disclosure in the absence of special circumstances. Thus, although it might not be fair to withhold particular information on a motion for discovery and inspection, the judge has sufficient power to limit disclosure so as to do justice to the parties.* (Emphasis supplied.)

" * * *

"Furthermore, the judge should let his 'philosophy' of discovery be made known to the bar. Since most of the objections raised to these motions are marked by the cry of 'fishing expedition', it must be brought home to the bar either by conferences in chambers, or when necessary 'lectures' in the courtroom, that generally fishing expeditions *are* countenanced by the rules."

After the formal address made by Judge Kaufman on discovery, the panel turned to a discussion of various approaches to discovery as contained in cases, policy, and local rules.

It was apparent that the consensus of the panel favored the following policy:

Each party litigant must decide whether exhibits or documents in his possession will be used as a part of his substantive proof on the trial, or whether they will be used for the purpose of impeachment. If such exhibit or document is to be used as a part of his substantive proof, it must be produced and marked for identification at the pretrial.

If such exhibit or document is to be used for impeachment it must be submitted to the court with reasons in support of such use for the court to determine whether or not it in fact constitutes impeachment material.

Failure to follow the above procedure may result in a prohibition of the use of such document or exhibit at the trial.

I have, as was suggested by Judge Kaufman and the panel, made known to the Bar my philosophy on discovery. The above position has been consistently applied at pretrial; and I discussed it at length in a speech before the Grand Rapids Bar Association.

Some courts have made this a local rule. See Bogatay v. Montour Railroad Co., D.C., 177 F.Supp. 269 (1959). In the Bogatay case, objections to interrogatories had been filed. The court held that since it appeared at the stage of the ruling that this evidence was to be used for impeachment purposes, it was privileged from discovery at that time. The court said:

> "It is well established in this district to require a full and complete disclosure of evidence at the pretrial conference. The only exceptions being matters which the court holds were not discoverable at the time of the conference, impeachment matter, and privileged matter. (Citing a local rule.)

"While a local rule of court cannot take precedence over or be inconsistent with the Federal Rules of Civil Procedure, we do not think that our rule does this. To require the defendant to answer these interrogatories would subvert the spirit of our local rule which protects impeaching matter from disclosure. * * * Therefore, the defendant's objections to these interrogatories *must be sustained at this time,* and by the time the pretrial conference is set the defendant will have ample opportunity to consider its case in the light of plaintiff's contention, and make election as to whether it intends to use this information if it has any as substantive evidence which it must disclose at pretrial or as solely impeaching evidence which it need not disclose at pretrial except to the Court for its determination as to whether the evidence is substantive or impeaching." (Emphasis supplied.)

Defendant has objected to the production of the statements of the witnesses in this case on the ground that they form part of defendant's work product. As Judge Kaufman said:

"If the court decides that the requested discovery falls within the ambit of the 'work product' of counsel, it must then determine whether there are factors present which outweigh the policy against disclosure where the result will be to allow one party to take advantage of the diligence of the other." (Emphasis supplied.)

In the present case, the defendant seeks to bring in, as a party defendant, the driver of the automobile in which the plaintiff was riding at the time of the accident. Under the Michigan statute, defendant is entitled to do this *only if the driver was guilty of willful misconduct or gross negligence.* M.S.A. 9.2101, Pub.Acts 1949, No. 300, § 401. The court assumes that the defendant has a reasonable basis to support such third-party action. However, because of Michigan statutory law, the third-party complaint must be carefully scrutinized in order to prevent a circumvention of the Michigan Guest Act, and in order that the jury be not confused by a straw man in the guise of the claim of gross negligence on the part of the driver.

Mindful of these rules of Michigan law, the court could have directed the production of these statements, if they form any basis for defendant's claim of gross negligence or willful misconduct on the part of the driver, since these factors outweigh the policy against disclosure.

It is no secret that impleading the third-party driver causes serious practical implications, particularly so now that this is to be a trial before a jury. These practical considerations must also be taken into account, and "are of great importance" in deciding whether or not the statements will be produced.

This doctrine is in accord with the Hickman v. Taylor rule. It constitutes a finding of good cause for requiring the production of statements. The first step in the Hickman v. Taylor rule is the policy of non-disclosure of work product statements where each party has equality of opportunity for discovery. See Judge Kent's opinion in Wilson v. David, D.C., 21 F.R.D. 217 (1957).

In such a case, production is properly denied since the clear result would be "to allow one party to take advantage of the diligence of the other."

However, in this case, there are unusual circumstances present which "outweigh" this policy. Under these facts it is best to have "free access" to all the facts so that the rights of the parties may be properly safeguarded.

In the present case the court ordered alternative approaches to this problem. The defendant may either turn over the statements of his witnesses

to the plaintiff and third-party defendant, or the defendant may choose to allow plaintiff and third-party defendant to depose his witnesses. However, in the event that the latter alternative is chosen, and the court subsequently dismisses the third-party complaint, costs of discovery, including the taking of depositions on this issue, will be taxed against the defendant.