Marine Rhodes PICKETT, Libellant,

v.

L. R. RYAN, INC., Respondent.

No. 1211.

United States District Court
E. D. South Carolina,
Charleston Division.

Jan. 13, 1965.

Gibbs & Gibbs, Gedney M. Howe, Jr., Charleston, S. C., for libelant.

Grimball & Cabaniss, Brockinton & Brockinton, Charleston, S. C., for respondent.

SIMONS, District Judge.

This matter is before the court on motion of libelant "for an Order requiring the Respondent L. R. Ryan, Inc., and the Travelers Insurance Company, Respondent's insurance carrier and Respondent's agent in defense of the Libel, to produce and to permit the Libellant to inspect and copy the investigative file of the Travelers Insurance Company pertaining to the explosion alleged in the Libel herein." Motion is made pursuant to Rule 32[1] of the Rules of Admiralty which

1. "Rule 32. Discovery and production of documents and things for inspection, copying, or photographing. Upon motion of any party showing good cause there-

is identical with Rule 34 of Federal Rules of Civil Procedure, 28 U.S.C.A. Matter was heard in Charleston, S. C., on December 7, 1964.

In order to proceed under Rule 32 moving party must show that the documents and things to be inspected are [1] relevant to the issues, [2] not privileged, and [3] that good cause exists for the requested discovery to be permitted. Failure of the movant to establish any one of these requirements will preclude discovery proceedings under Rule 32. Hickman v. Taylor, 329 U.S. 495, 67 S. Ct. 385, 91 L.Ed. 451 [1947]; Guilford National Bank of Greensboro v. Southern Ry. Co., 297 F.2d 921 [4th Cir. 1962]. See also Tiedman v. American Pigment Corporation, 253 F.2d 803 [4th Cir. 1958].

Libelant alleges in support of his motion that documents and records sought to be examined are relevant to the case and in the exclusive control of respondent. He further alleges that "[I]nasmuch as he [libelant] is a seaman, whose protection and welfare is the subject of the concern and protection of the Courts of Admiralty, the policy of the Admiralty Courts to protect the seaman from expense, and the serious injury which disabled the seaman from investigating or procuring investigation of this incident promptly,[2] together constitute the good cause required by Rule 32."

Libelant relies on Haney v. Woodward & Lothrop, Inc., 330 F.2d 940 [4th Cir. 1964] wherein the Court of Appeals for the Fourth Circuit approved the district court's order requiring respondent to "produce and bring with him for examination by the plaintiff  *  *  *  all Liberty Mutual Insurance Company documents, records, statements, etc., pertaining to the investigation of an accident on December 7, 1961, wherein Michael Haney was injured." In that case the court found good cause shown for production of the documents requested, primarily on the basis that there were no eye witnesses to the accident other than the injured six-year-old child. We do not appear to have a comparable factual situation in the case at bar.

Libelant here has failed to the satisfaction of the court to show good cause for production of documents requested. Although it undoubtedly will involve some expense to plaintiff to avail himself of the liberal discovery procedures under the Admiralty Rules, this court is not disposed to allow libelant to prove his case at the expense of respondent without compelling reason and good cause shown. It may well be true that libelant will suffer disadvantage if respondent has in its files statements that were taken from witnesses shortly after the accident occurred while libelant was hospitalized and unable to pursue his case. However, at this stage in the proceedings it does not appear that libelant has made any substantial effort to develop his own case and ascertain whether such disadvantage may in fact exist.[3]

In Guilford National Bank of Greensboro v. Southern Ry. Co., supra, the Fourth Circuit said at 297 F.2d 924:

"There appear to be adequate policy reasons for imposing the good cause requirement in Rules 34 and 35. Under Rule 35, the invasion of the individual's privacy by a physical or mental examination is so serious that

---

for and upon notice to all other parties, the court in which an action is pending may [1] order any party to produce and permit the inspection and copying or photographing, by or on behalf of the moving party, of any designated documents, papers, books, accounts, letters, photographs, objects, or tangible things, not privileged, which constitute or contain evidence material to any matter involved in the action and which are in his possession, custody or control."

2. Plaintiff was hospitalized for a period in excess of two months following the accident.

3. Libelant served 14 interrogatories on respondent which were filed with court on September 8, 1964; however no answers are before the court, and libelant does not contend that such answers reveal such special circumstances as would establish good cause for his requested discovery under Admiralty Rule 32.

a strict standard of good cause, supervised by the district courts, is manifestly appropriate. Similarly, compelling the production of documents under Rule 34 can be extremely harassing. Use of the weapon which this rule forges should not be permitted without more than the easily satisfied test of relevancy. This is particularly true since the identity of the witnesses can be readily discovered by Rule 33 interrogatories. Opposing counsel then has the opportunity to interview these witnesses himself or to take their depositions. If it should subsequently appear that there exists a special need to compel disclosure of the statements themselves, this would undoubtedly satisfy the required showing of good cause."

In Hickman v. Taylor, supra, the Supreme Court speaking through Justice Jackson said at 329 U.S. 516, 67 S.Ct. 396, "Discovery was hardly intended to enable a learned profession to perform its functions either without wits or on wits borrowed from the adversary."

 During oral argument before the court, counsel for plaintiff admitted that he had not availed himself of the broad discovery procedures under the Rules of Admiralty, but stated in essence that it would save plaintiff time and expense to inspect respondent's files at this stage of the proceedings. I cannot accept such as establishing the necessary basis of good cause shown for requested production at this stage; neither does mere convenience satisfy such requirement under Rule 32. Guilford National Bank of Greensboro v. Southern Ry. Co., supra.[4]

Libelant does not "designate" with any degree of particularity any of

the documents, etc., which he desires to inspect and copy. He asks generally to be permitted "to inspect and copy the investigative file of the Travelers Insurance Company pertaining to the explosion alleged in the Libel herein". It has been repeatedly held that the information desired to be produced should be designated with some reasonable degree of particularity and certainty. Marzo v. Moore-McCormack Lines, Inc., 7 F.R.D. 378 [D.C.N.Y.1945]; Hare v. Southern Pacific Co., 9 F.R.D. 307 [D.C. N.Y. 1949].[5]

It is therefore ordered that libelant's motion to produce be and it hereby is denied without prejudice to renew upon a proper showing of good cause.

4. See also United States v. Sun Oil Co., 16 F.R.D. 533 [D.C.Pa.1954]; Hilton v. Contiship Corp., 16 F.R.D. 453, [D.C. N.Y.1954]; Gebhard v. Isbrandtsen Co., Inc., 10 F.R.D. 119 [D.C.N.Y.1950]; Tobin v. Gibe, 13 F.R.D. 16 [D.C.Del. 1952]; Tandy & Allen Construction Co. v. Peerless Casualty Co., 20 F.R.D. 223 [D.C.S.D.N.Y.1957]; Annotation in 73 A.L.R.2d 20 et seq.

5. See also Herbst v. Chicago R. I. & P. R. Co., 10 F.R.D. 14 [D.C.Iowa 1950]; Atlantic Greyhound Corp. v. Lauritzen, 182 F.2d 540 [6th Cir. 1950]; Wilson v. David, 21 F.R.D. 217, [D.C.Mich.1957].