James D. **HODGSON**, Secretary of Labor, United States Department of Labor [Successor to George P. Shultz, Resigned], Plaintiff,

v.

**CORNHUSKER PACKING COMPANY,** a corporation, Defendant.

**Civ. No. 03117.**

United States District Court, D. Nebraska.

Oct. 29, 1970.

Richard A. Dier, U. S. Atty., D. Neb., for plaintiff.

Frederick S. Cassman, of Abrahams, Kaslow & Cassman, Omaha, Neb., for defendant.

## MEMORANDUM AND ORDER

RICHARD E. ROBINSON, Chief Judge.

This matter comes before the Court on plaintiff's objection [Filing #14] to defendant's supplemental interrogatory. [Filing #10].

The interrogatory challenged reads as follows:

"1. Please state the name of each employee named in Paragraph VI of plaintiff's complaint from whom the plaintiff has obtained a written statement [whether or not signed by such employee] concerning any of the issues in the above entitled case.

Plaintiff objects to answering the above interrogatory on the ground that it calls for the work product of plaintiff's attorneys and the information sought falls within the government's privilege to withhold the identity of informants. The latter privilege is said to be based on the premise that persons having knowledge of violations of the law and who are susceptible to retaliation from employers in such cases, should be assured that their information may be given in confidence to the government.

Plaintiff places its greatest reliance in its objection, upon the "informer's privilege", and argues that the case of Mitchell v. Roma, 265 F.2d 633 [3rd Cir. 1959] is controlling authority in the present case.

*Roma*, involved, as does the present case, an action by the Secretary of Labor to enjoin the defendant employer from violating certain provisions of the Fair Labor Standards Act. The defendant moved to dismiss the action because of plaintiff's failure to answer certain interrogatories as directed by the Court. The District Court [See, Mitchell v. Roma, 22 F.R.D. 217 (E.D.Penn.1958)], held that the disclosure of the identity of persons who gave written statements to the government investigators was es-sential to a fair determination of the case, and was vital to a proper preparation of a defense against the charges made, and that the action would be dismissed unless the interrogatories were answered, regardless of the government's contention that the information was confidential and privileged, and that if the informants were disclosed, it would result in a refusal by employees generally to give information to the government because of fear of retaliation from their employer.

The United States Court of Appeals for the Third Circuit reversed, holding that the defendants' interest in being illumined as to the informers was not strong enough to overcome the privilege granted informers, and hence granting defendants' motion for dismissal unless interrogatories in such regard were answered constituted error. The Circuit Court did, however, recognize that the privilege for communications by informers to the government must give way where disclosure of an informer's identity is relevant and helpful to the defense of the accused, or is essential to a fair determination of the case.

The *Roma* decision, therefore, does not stand for the proposition that a court should automatically recognize an informer's privilege in each case where it is raised, but instead indicates that a balancing test is to be applied in each case. The United States Supreme Court has also suggested a balancing test whenever the privilege for communications by informers to the government is at issue. Roviaro v. United States, 353 U.S. 53, 62, 77 S.Ct. 623, 1 L.Ed.2d 639 [1957]. See also, Mitchell v. Bass, 252 F.2d 513 [8th Cir. 1958].

Thus, this Court must decide whether or not the competing interests in the present action call for recognition of the informer's privilege. In this regard it is noteworthy that plaintiff has fully apprised defendant of the identity of those employees who plaintiff claims have been improperly paid and of the number

of hours of work and rate of pay for each such employee. Which employee or employees volunteered information to the government with regard to the alleged improper payments and alleged improper record keeping is, in the Court's opinion, irrelevant. What will be at issue at trial is the validity of what was told and not who told it. The defendant has even greater access than the government to the records which are the subject matter of this case, and will not in the least be jeopardized by nondisclosure of the identity of the informing employee or employees.

Since the Court is of the opinion that nondisclosure of the informing employees will in no way hinder defendant in the preparation of its defense, the informant's privilege will be recognized. Accordingly,

It is ordered that plaintiff's objection to defendant's supplemental interrogatory should be and is hereby sustained.