**Konkle v. Knarr, Jr.**

*John C. Youngman,* for plaintiffs.

*J. Neafie Mitchell,* for defendant.

WOOD, J., September 30, 1971.—Plaintiffs seek recovery for damages to their car in a collision with defendant's car. They allege negligence on the part of defendant. Defendant objects to certain written interrogatories served on him by plaintiffs. The issues raised by defendant's objections do not appear to be covered by clear precedent. Briefly, they are as follows:

(1) Are plaintiffs entitled to discover the content of alleged conversations between defendant and his insurance company to the effect that defendant's insurance rates would be substantially increased if the company had to pay damages as a result of the accident?

(2) Are plaintiffs entitled to discover information relating to a previous automobile accident of defendant and payment of damages arising therefrom by his insurance carrier?

Plaintiffs' attorney has stated he intends to use the above information for purposes of impeachment of defendant as a witness.

Pennsylvania Rule of Civil Procedure 4007(a) governs the scope of discovery under written interrogatories to an adverse party. It provides, inter alia, as follows:

". . . the deponent may . . . be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the action and will substantially aid in the preparation of the pleadings or the preparation or trial of the case."

Relevancy is the controlling factor: Muschar et al. v. University and City Ministries et al., 118 Pitts. Leg. J. 409 (1970).

There is a split of authority as to use of discovery

for impeachment purposes. See 18 A. L. R. 3d 922. However, the majority of courts which operate under discovery rules similar to ours require that the material sought to be discovered be relevant to the subject matter of the suit, whether or not the purpose is impeachment. See 18 A. L. R. 3d 922, sec. 2; Lynch v. Henry Pollak, Inc., 1 F. R. D. 120 (D. C. N. Y., 1939). See, also, Construction of Vine Street Extension, 18 D. & C. 2d 115 (1959), in which Judge Alessandroni stated:

"If the evidence is not substantive, then it has no relevance if its sole purpose is to impeach or otherwise test credibility."

In the case of Wharton v. Lybrand, Ross Bros. and Montgomery, 41 F. R. D. 177 (D. C. N. Y., 1966) the court, in denying a motion for production of documents allegedly needed to impeach one of several defendants, recognized that the issue of credibility may be of vital importance and ultimately determine the lawsuit, but declared that the issue is not necessarily relevant to the subject matter of the suit. Similarly, the United States District Courts of Pennsylvania appear to have adopted a rule that statements of a party or witness cannot be discovered solely for the purposes of crossexamination or impeachment. Burns v. Mulder, 20 F. R. D. 605 (E. D. Pa., 1957); Bogatay v. Montour Railroad Co., 177 F. Supp. 269 (W. D. Pa., 1959). Further, although admissibility is not an issue at this point, it should be noted that evidence which informs a jury that a *defendant* is insured against liability is inadmissible and is an improper subject for crossexamination: Price et al. v. Yellow Cab Co., 433 Pa. 56 (1971).

The interrogatories to which defendant objects relate to matters which clearly are not "relevant to the subject matter involved in the action." Accordingly, we make the following Order:

## ORDER

And now, September 30, 1971, defendant's objections are sustained. Answers to interrogatories 3 to 6, inclusive, and 10 to 14, inclusive, are not required.